## IN THE OREGON TAX COURT

FIELDS et al
*v.*
DEPARTMENT OF REVENUE
(TC 2552)

Plaintiffs appeared *pro se.*

Ted E. Barbera, Assistant Attorney General, Department of Justice, Salem, represented defendant.

Decision for defendant rendered August 24, 1987.

**CARL N. BYERS, Judge.**

Plaintiffs appealed to the court for a determination of whether interest on an income tax refund should be computed from the date the deficiency was paid or from four months thereafter. The parties have stipulated to the facts. The merits of plaintiffs obtaining a refund is not being contested. The sole issue to be determined by this appeal is whether defendant's calculation of the interest due on the plaintiffs' refund is correct.

The facts show that plaintiffs, by reason of an extension, timely filed their tax return for 1983 showing zero tax due. The department issued a notice of proposed deficiency. Five days later, on March 26, 1985, plaintiffs paid the asserted deficiency, plus interest, and requested a conference. The conference officer affirmed the deficiency and assessed the tax. Plaintiffs appealed to the department. Prior to the hearing,

defendant conceded the issue and agreed to a refund "with appropriate interest." On February 5, 1986, a refund was made of the amount paid by the plaintiffs plus interest computed from July 27, 1985 (four months after the tax deficiency was paid).

Plaintiffs contend that defendant's application of the law is misplaced and that interest on the refund should be computed from the date of payment.

The defendant based its determination on ORS 305.270 which provides:

"(1) If the amount of the tax shown as due on a report or return originally filed with the department with respect to a tax imposed under ORS chapter 118, 119, 308, 310, 314, 316, 317, 318, 321 or 477, or collected pursuant to ORS 305.620, or as corrected by the department, is less than the amount theretofore paid, or if a person files a claim for refund of any tax paid to the department under such laws within the period specified in subsection (2) of this section, any excess tax paid shall be refunded by the department as provided in this section and ORS 118.260(6), 119.150, 314.415, 321.145(2) or 321.485(2)."

ORS 314.415 regarding refunds states:

"(1)(a)   If the department determines pursuant to ORS 305.270 that the amount of the tax due is less than the amount theretofore paid, the excess shall be refunded by the department with interest at the rate established under ORS 305.220, for each month or fraction of a month during a period beginning four months after the due date of the return or the date the tax was paid, whichever is the later, to the time the refund is made."

Plaintiffs contend that the above statutes relate only to situations where the defendant has reached a determination pursuant to ORS 305.270. Plaintiffs argue that defendant could not have reached a determination under ORS 305.270 in this case because the refund "is not precipitated by a report or return originally filed with the defendant by plaintiffs claiming a refund, nor is it a refund precipitated by a correction by the defendant to plaintiffs' originally filed return that produces a corrected amount of tax that is less than the amount of tax paid with the return." (Plaintiffs' Opening Brief, at 3.)

An examination of the pertinent parts of ORS

305.270 show that "[i]f the amount of the tax shown as due on a * * * return * * * or as corrected by the department, is less than the amount theretofore paid, * * * any excess tax paid shall be refunded * * * as provided in * * * ORS 314.415 * * *."

The amount of tax shown as due on the plaintiffs' return was zero. As "corrected" by the department, a deficiency was found. The plaintiffs paid the proposed deficiency. After a conference was held and a department hearing was scheduled, an agreement was reached whereby the amount paid by the plaintiffs was to be refunded. In essence, "the amount of the tax due * * * as corrected by the department, is less than the amount theretofore paid, * * * [therefore] any excess tax shall be refunded * * * as provided by * * * ORS 314.415."

■    The court finds that defendant's determination of the refund was pursuant to ORS 305.270. "[T]he sovereign is not required to pay interest, except when self-imposed; * * *." *Seton v. Hoyt,* 34 Or 266, 272, 55 Pac 967 (1899). Therefore, there can be no interest allowed without a specific statutory provision. The legislature has provided the payment of interest on refunds pursuant to ORS 314.415.

Section (1)(a) of this statute provides that the excess tax "shall be refunded * * * with interest * * * beginning four months after the due date of the return or the date the tax was paid, whichever is the later, to the time the refund is made."

The plaintiffs contend that the phrase "four months after" refers only to the due date of the return and not to the date the tax was paid. Plaintiffs' analysis supporting this contention (Plaintiffs' Reply Brief, at 3), is not persuasive because it requires omitting the phrases "four months after the due date of the return" and "whichever is the later."

The court is bound by ORS 174.010 which requires that "[i]n the construction of a statute, the office of the judge is simply to ascertain * * * what is * * * contained therein, not to insert what has been omitted, or to omit what has been inserted; * * *."

ORS 314.415 states very clearly that certain refunds will be paid with interest "beginning four months after the due date of the return or the date the tax was paid, *whichever is the later*." (Emphasis added.)

As an alternative or additional argument, plaintiffs contend that their appeal to the Tax Court is for the recovery of principal (plus interest). Plaintiffs reason that the refund from the department should first be applied to interest as computed by plaintiffs, with the balance applied to the reduction of principal. Based on this reasoning, plaintiffs conclude that $562.54 of remaining tax overpayment, plus interest, is due them. Plaintiffs cite ORS 305.419(4) which provides that in an appeal to the Tax Court, if a refund is ordered, the amount bears interest from the date of payment to the department.

Plaintiffs' argument is ingenious but circuitous. It overlooks the stipulated issue presented to this Court:

"[I]s interest on the refund computed from the date the deficiency was paid, or four months thereafter?" (Stipulation of Facts, No. 9.)

The court finds that the defendant's application of ORS 314.415(1)(a) in connection with the plaintiffs' refund is proper; therefore, the defendant's Opinion and Order No. 86-0686 is hereby affirmed. No costs awarded.

## OPINION ON RECONSIDERATION

This court previously issued its opinion dated August 24, 1987, interpreting ORS 314.415 contrary to plaintiffs' position. On August 28, 1987, plaintiffs requested reconsideration of that opinion in light of 1987 Or Laws, chapter 647, section 1(f) and section 2. Those two recent amendments directly affect this case. Subsection 1(f) adds a new provision to ORS 314.415 and provides,

"Except as provided in ORS 305.265(12), if, pursuant to a notice of deficiency or assessment, the taxpayer pays the amount specified in the notice, or any part thereof, and if, upon appeal, the department, the Oregon Tax Court or the Oregon Supreme Court orders that all or any part of the deficiency amount specified in the notice and paid by the

taxpayer be refunded, the amount so ordered to be refunded shall bear interest at the rate established for refunds in ORS 305.220. Interest shall be computed from the date of payment to the department. Nothing in this paragraph shall require that interest be paid upon any amount for any period for which interest upon the same amount for the same period is required to be paid under ORS 305.419."

Under this statute, plaintiffs would be entitled to interest from the date the tax was paid.

Although chapter 647 did not become effective until 90 days after the legislature adjourned, section 2(2) contains the following unusual provision:

"Notwithstanding that prior to the effective date of this Act, refund has been made or the time for filing a claim for refund has expired under ORS 314.415, for tax years ending on or after December 31, 1983, interest on refunds shall be computed as if the amendments to ORS 314.415 by section 1 of this Act creating a new paragraph (f) of subsection (1) of ORS 314.415 were in effect and the department shall pay any interest due in addition to interest already paid if:

"(a) Prior to the effective date of this section, the taxpayer has asserted a basis for refund in a claim or tax return filed with the department within the time prescribed for asserting the claim or filing the returns; and

"(b) The taxpayer files a claim for interest refund with the department on or before April 15, 1988.

"(3) The Department of Revenue shall make a reasonable effort to identify and notify any taxpayer to whom subsection (2) of this section applies."

Under these circumstances, if plaintiffs file a claim for interest refund with the department on or before April 15, 1988, plaintiffs will receive the interest which is the subject of this appeal. This appeal, having been rendered moot by the amendment of the law, should be dismissed. Judgment will be entered accordingly. Costs to neither party.