Argued and submitted July 10, 1991, the judgment of the Oregon Tax Court affirmed in part and reversed in part and the decision of the Department of Revenue affirmed in part and reversed in part and case remanded to the Department with instructions January 3, 1992

# Julia D. RAGSDALE,
## *Appellant,*

*v.*

# DEPARTMENT OF REVENUE,
## *Respondent.*

## (OTC 2958; SC S37704)

823 P2d 971

Russell A. Sandor, of Wetzel De Frang & Sandor, Portland, argued the cause and filed the briefs for appellant. With him on the briefs was Joseph Wetzel.

Robert M. Atkinson, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Gary I. Grenley and Michael C. Zusman, of Grenley, Rotenberg, Laskowski, Evans & Bragg, P.C., Portland; Eugene O. Duffy and Gregory W. Lyons, of O'Neil, Cannon & Hollman, S.C., Milwaukee, Wisconsin; and John B. Gould, Portland, filed a brief on behalf of *amici curiae* Oregon Federation of Chapters, National Association of Retired Federal Employees; Air Force Sergeants Association, Division Fourteen (Alaska-Oregon-Washington); Non Commissioned Officers Association of Oregon; and Oregon State Council of Chapters of The Retired Officers Association.

PETERSON, J.

## PETERSON, J.

The taxpayer, Julia Ragsdale, appeals a judgment of the Oregon Tax Court upholding the defendant Department of Revenue's (the Department) denial of her claim for tax refunds for taxes paid in calendar years 1970 through 1988. The taxpayer claims a refund of state income tax paid on her federal retirement income.

Oregon's tax laws completely exempted state government retirement payments from taxation from 1970 through 1988 but provided only a limited exemption for retirement payments received by federal retirees. ORS 316.680(1)(c), (d) (1987). In *Davis v. Michigan Department of Treasury*, 489 US 803, 109 S Ct 1500, 103 L Ed 2d 891 (1989), the Supreme Court of the United States held that a Michigan tax law that exempted state but not federal pension benefits from state taxation was contrary to the Public Salary Act of 1939 (now at 4 USC § 111 (1988)), which codified the constitutional doctrine of intergovernmental tax immunity. Under 4 USC section 111, a taxpayer's federal pension income is immune from state taxation that is discriminatory. 489 US at 814.

The parties agree that, because Oregon's tax laws completely exempted state government retirement benefits from state taxation, but did not accord the same treatment to federal retirement benefits, Oregon's tax laws impermissibly discriminated against the federal government and those who dealt with it, *see Davis v. Michigan Department of Treasury, supra*, 489 US at 814-17 & n 4, and that the taxpayer's federal retirement income was not lawfully subject to state tax so long as Oregon law completely exempted state government retirement payments from its income tax.

In April 1989, the taxpayer filed her claims for refund with the Department. After a hearing, the Department denied the claims. The taxpayer then filed a complaint in the tax court, which granted summary judgment to the Department on the ground that, although Oregon's total exemption of state but not federal benefits was unconstitutional under *Davis*, the decision in *Davis* would apply only prospectively to taxes imposed after the date of the *Davis* decision. The taxpayer appealed, asserting that she is entitled

to a refund for each year from 1970 through 1988. Alternatively, the taxpayer asserts that she is entitled to a refund for calendar years 1985 through 1988, because her refund claims were filed within the general omnibus tax refund three-year statute of limitations. *See* ORS 305.270 and 314.415.

The taxpayer's claims are these:

      1. The Department has stipulated that she is entitled to a refund for tax years 1970 through 1988.

      2. *Davis* applies retroactively. Therefore, she is entitled to a refund for tax years 1970 through 1988.

      3. In the alternative, at least, she is entitled to a refund for tax years 1985 through 1988.

The Department disputes all three assertions and claims that the taxpayer is not entitled to any refund.

In part A, we discuss Oregon's refund statutes and conclude that, whether or not *Davis* applies retroactively, state law mandates a refund to the taxpayer for tax year 1988 and any tax years thereafter in which federal retirement income was included in her state taxable income at a time when, for the same tax year, state retirement income was completely exempt from state taxation. We also conclude that Oregon law does not permit a refund for any of the earlier tax years for which claims were filed. In part B, we discuss whether limiting the relief to tax years 1988 and thereafter is constitutional, and we conclude that it is. In Part C, we discuss the taxpayer's contention concerning the stipulation.

## A. RELIEF AFFORDED BY STATE LAW

The taxpayer asserts that *Davis v. Michigan Department of Treasury*, *supra*, applies retroactively and that she is entitled to a refund for each tax year from 1970 through 1988. The Department asserts that even if *Davis* applies retroactively, ORS 305.765 to 305.785 preclude the taxpayer's refund claims for the tax years at issue and create a valid remedial limitation consistent with federal due process guarantees. We agree with the Department that ORS 305.765 to 305.785 apply to this case and create a remedial limit consistent with federal due process, but we disagree with the

Department about how those statutes apply to the taxpayer's claims. Further, because we read ORS 305.765 to 305.785 to require a measure of retroactivity regardless of any theory of retroactivity of *Davis* under federal law,[1] *see* 312 Or at 537-40, below, we need not decide the federal retroactivity question.[2]

■        ORS 305.765 provides:

> "Whenever, in a proceeding involving the validity of any law whereby taxes assessed or imposed have been collected and received by the state, acting through any department or agency thereof, and paid into the State Treasury, if the court of last resort holds the law or any part thereof invalid, and the time limited for any further proceeding to sustain the validity of the law, or the part thereof affected, has expired, and *if there is no other statute authorizing refund thereof*, all taxes collected and paid under the law or part thereof invalidated, in or after the year in which the action attacking the validity of the same was instituted, shall be refunded and repaid in the manner provided in ORS 305.770 to 305.785."[3] (Emphasis added.)

ORS 305.765 authorizes (and, in fact, mandates) refunds only for taxes "collected and paid" in or after the year in which the action resulting in the invalidation of the tax law was instituted. The limitation of ORS 305.765 in part is restated in ORS 305.780, which provides:

> "Nothing contained in ORS 305.770 to 305.785 authorizes the refunding of any tax collected and paid under an

---

[1] The determination whether a decision of the Supreme Court of the United States applies retroactively presents a question of federal law. *Ashland Oil, Inc. v. Caryl*, 486 US 916, 110 S Ct 3202, 3204, 111 L Ed 2d 734 (1990) (per curiam).

[2] Because we interpret ORS 305.765 as requiring a refund for the 1988 tax year once the court has determined that the law pursuant to which those taxes were collected and paid is invalid, a decision by this court that, as a matter of federal law, *Davis v. Michigan Department of Treasury*, 489 US 803, 109 S Ct 1500, 103 L Ed 2d 891 (1989), does not apply retroactively, would not change the result here.

[3] ORS 305.770 requires the Department to prepare a list of taxpayers who paid taxes under the invalidated law and to issue warrants to those taxpayers for refunds payable by the State Treasurer. ORS 305.775 provides for interest on such refunds where the state seeks review of a decision of this court in the United States Supreme Court and loses. ORS 305.780 provides that nothing in ORS 305.770 to 305.785 authorizes the Department to refund taxes that "became due prior to the year in which the suit or action seeking the invalidation of the law or part thereof was instituted." Finally, ORS 305.785 appropriates from the state's General Fund "the amounts necessary to carry out ORS 305.770 to 305.785."

invalidated tax law, or invalidated part thereof, where the tax as provided in such law became due and payable in any year prior to the year in which the suit or action seeking the invalidation of the law or part thereof was instituted."

Hence, even taxes collected or paid in or after the year the action resulting in invalidation of the tax law was instituted cannot be refunded if those taxes had become "due and payable" prior to the year in which the action was instituted. The Department argues that, because the taxpayer has claimed refunds for taxes collected and paid prior to 1990, the year in which she filed her tax court complaint,[4] the Department has no authority to pay the refunds requested by the taxpayer.

The taxpayer argues that ORS 305.765, by its own terms, applies only "if there is no other statute authorizing refund" of the taxes collected pursuant to the invalidated statute and that there is another statute authorizing refund of the taxes at issue here. Specifically, the taxpayer claims that ORS 305.270(1)[5] and 314.415(1)(a),[6] the general refund statutes, authorize the refunds that she has requested.

ORS 305.270 and 314.415 create a mechanism for the refund of tax paid or collected in excess of that which is properly due. The taxpayer contends that she paid excess tax for the years 1970 through 1988 because of the improper inclusion of her federal retirement income in her state taxable

---

[4] Although the taxpayer filed her claims for refunds in 1989, she did not file any action in a court until 1990, after the Department finally denied her claims.

[5] ORS 305.270(1) provides:

"Except as provided in ORS 118.100, if the amount of the tax shown as due on a report or return originally filed with the department with respect to a tax imposed under ORS chapter 118, 119, 308, 310, 314, 316, 317, 318 or 321, or collected pursuant to ORS 305.620, or as corrected by the department, is less than the amount theretofore paid, or if a person files a claim for refund of any tax paid to the department under such laws within the period specified in subsection (2) of the section, any excess tax paid shall be refunded by the department with interest as provided in this section and ORS 314.415."

[6] ORS 314.415(1)(a) provides:

"If the department determines pursuant to ORS 305.270 that the amount of the tax due is less than the amount theretofore paid, the excess shall be refunded by the department with interest at the rate established under ORS 305.220, for each month or fraction of a month during a period beginning 45 days after the due date of the return or the date the tax was paid, whichever is the later, to the time the refund is made."

income and that she is entitled to a refund subject to the limitations contained in ORS 305.270 and 314.415. Because ORS 305.765 apparently is triggered only "if there is no other statute authorizing refund thereof," the court must discern what the legislature intended by the quoted phrase and, specifically, whether the legislature intended that the general refund statutes would authorize refunds of all taxes collected pursuant to laws later held invalid.

■ ■ ORS 305.765 was enacted in 1931 following the invalidation of a 1929 state law taxing gross income from intangibles that applied to individuals but not corporations. *See Redfield v. Fisher*, 135 Or 180, 204, 292 P2d 813 (1930) (invalidating Oregon Laws 1929, chapter 429). The 1931 Legislative Assembly appropriated nearly $900,000 to pay refunds to individuals who had paid taxes under the invalidated statute. Or Laws 1931, ch 338. At the same time, the legislature enacted Oregon Laws 1931, chapter 337, which is now codified at ORS 305.765 to 305.785. In the same session of the Legislative Assembly, the precursor to the current refund statutes, ORS 305.270 and 314.415, was enacted to create a general tax refund mechanism. Or Laws 1931, ch 229. These enactments apparently were an attempt to respond to the concerns raised by two opinions of the Attorney General regarding the refunding of taxes unlawfully exacted and, specifically, regarding the taxes at issue in *Redfield. See* 15 Op Att'y Gen 34 (Or 1930-32) (advising that refunds of taxes collected pursuant to the unconstitutional intangibles tax could only be made if the legislature specifically appropriated the funds necessary for that purpose); 15 Op Att'y Gen 37 (Or 1930-32) (advising that taxes paid pursuant to a subsequently invalidated law could not be refunded without express statutory authority).[7]

If the general refund provision created by Oregon Laws 1931, chapter 229, was intended to authorize refunds of taxes collected pursuant to invalidated laws, it would have

---

[7] Both opinions of the Attorney General were issued on November 12, 1930, less than one month after this court's decision in *Redfield v. Fisher*, 135 Or 180, 292 P2d 813 (1930). The enactments, Or Laws 1931, chs 229, 337, and 338, were considered and passed by the Legislative Assembly and approved by the Governor in February and March of 1931.

been unnecessary to enact what is now ORS 305.765.[8] Such an interpretation of the general refund statute would render ORS 305.765 meaningless because, by definition, the general refund statute would always prevent the obligations created by ORS 305.765 from becoming operative. In attempting to discern the intent of the legislature, this court will not read a general statute so broadly as to nullify a more specific statute enacted at the same legislative session. *See Daly v. Horsefly Irrigation District*, 143 Or 441, 446, 21 P2d 787 (1933) ("statutes on the same subject whether passed at the same or different sessions of the legislature, but particularly if passed at the same session, should receive a construction, if possible, which will give effect to each of them"). Consequently, we read the phrase in ORS 305.765, "and there is no other statute authorizing refund thereof," as making application of the statute's mandatory refund provision and shorter limitation period depend on the absence of another statute that specifically authorizes the refunding of taxes collected pursuant to laws later invalidated. We are not rewriting the statute, but rather are interpreting it in a manner that permits its implementation. *Daly v. Horsefly Irrigation District, supra*, 143 Or at 446. Because no other statute authorizes refunds of taxes collected pursuant to invalidated laws, ORS 305.765 applies.

■      Having determined that ORS 305.765 applies, we next turn to how it applies to the present case. ORS 305.765 requires the Department to refund "all taxes collected and paid under the law or part thereof invalidated, in or after the year in which the *action* attacking the validity of the same was instituted." (Emphasis added.) The Department asserts that

---

[8] We do not depart from our position that a claim that a tax law is invalid under the constitution is a claim arising under the revenue and tax laws. *See Nutbrown v. Munn*, 311 Or 328, 811 P2d 131 (1991) (claim arising under 42 USC § 1983 based on unconstitutional imposition of tax is one arising under the revenue and tax laws such that administrative remedies in the Department must be exhausted prior to suing in state court), *cert den*, 112 S Ct 867, 116 L Ed 2d 773 (1992). We merely read the reference in ORS 305.765 to "no other statute" as not implicating the general refund statute. We reject the Department's contention that the general refund statutes are now necessarily limited to correcting errors in calculation or legal interpretation. However, we agree with the Department that the 1931 Legislative Assembly appeared to believe that the general refund provision was limited in this fashion. This understanding of the prevailing legal wisdom in 1931 supports our conclusion that the legislature's reference to "no other statute" was not intended to include the general refund statute.

the statute's use of the word "action" refers only to an action in court and not to the taxpayer's filing of a claim for refund. Because no court action was instituted by the taxpayer until she filed her complaint in the tax court in June 1990, and because the taxpayer seeks refunds for taxes paid or collected only in years prior to 1990, the Department asserts that ORS 305.765 requires denial of her refund claims.

One difficulty with the Department's interpretation is that it hinges the limitation period on events outside the taxpayer's control and within the control of the Department.[9] The taxpayer's claim for refund based on the unconstitutionality of the taxes imposed upon her was a claim arising under the revenue and tax laws that she was required to pursue through the administrative procedures of the Department. *Nutbrown v. Munn*, 311 Or 328, 811 P2d 131 (1991), *cert den*, 112 S Ct 867, 116 L Ed 2d 773 (1992); ORS 305.275(4).

In *Nutbrown*, this court held that the plaintiffs' claims that state taxes had been unconstitutionally imposed on their federal pension income arose under Oregon's revenue and tax laws and that the plaintiffs were required to exhaust their administrative remedies through the Department before suing in state court. 311 Or at 342-43. In the present case, the taxpayer pursued her administrative remedies by filing her refund claims in April 1989. The filing of her refund claims initiated the proceedings that have resulted in this court's invalidating the discriminatory portions of the state tax laws. Her tax court action could not have been instituted until those administrative proceedings were completed. Like the question of timeliness under the statute of limitations for a refund claim, which turns on when the claim is filed, we read the limitations period in ORS 305.765 to turn on the year in which the taxpayer initiated the administrative proceedings, as she was required to do under ORS 305.275, which resulted in the invalidation of the statute.

---

[9] Although ORS 305.765 and 305.780 are not statutes of limitations, they are like limitations statutes, because they bar refunds for taxes collected and paid, or which became due, in years prior to the year in which the action resulting in invalidation was instituted.

In the present case, the taxpayer's refund claims included a claim for a refund for tax year 1988. The taxpayer's 1988 return was due and was filed on or before April 15, 1989.[10] The taxpayer's taxes for 1988 were due and payable on the due date for filing the return, April 15, 1989. *See* ORS 314.395(1) (1991) ("The tax shall be paid to the department at the time fixed by ORS 314.385 for filing the return without regard to extensions.").[11] Likewise, when ORS 305.765 to 305.785 were enacted as Oregon Laws 1931, chapter 337, income taxes generally were due and payable in the year following the calendar year in which the income was received. 3 Oregon Code Annotated (1930) § 69.1502.3 (tax year generally was the calendar year), § 69.1516 (return due 90 days after expiration of tax year), § 69.1520 (first installment, one-half of total tax, payable by due date for return; the remainder due within six months thereafter).

The taxpayer's refund claim for tax year 1988 was filed on April 25, 1989. Because 1989 was "the year in which the action attacking the validity * * * was instituted," ORS 305.765, and because her taxes for tax year 1988 became due and payable in 1989, the taxpayer is entitled to a refund of $2,518, the excess tax paid by her resulting from the inclusion of her federal pension income in her state taxable income for 1988. The taxpayer also is entitled to a refund of any excess tax paid due to the inclusion of federal retirement income in her state taxable income for any year subsequent to 1988 in which state retirement income was completely exempt from taxation. However, the taxpayer's refund claims for tax years

[10] *See* ORS 314.085(1) ("The taxable year of a * * * taxpayer shall be the same as its taxable year for federal income tax purposes."); ORS 314.385(1)(a) ("For purposes of ORS chapter 316, returns shall be filed with the department on or before the due date of the corresponding federal return for the tax year as prescribed under the Internal Revenue Code and the regulations adopted pursuant thereto"); 26 USC §§ 441(b)(2) and (g), 7701(a)(23) (1988) (generally establishing the calendar year as the tax year for individual taxpayers); 26 USC § 6072(a) (1988) (where the return is based on the calendar year, the fifteenth of April following the calendar year is the due date for the filing of the federal personal income tax return).

[11] Although Oregon law now requires taxpayers to prepay their taxes during the tax year in which income is earned or received, *see* ORS 316.167 (withholding from wages) and ORS 316.563 and 316.579 (requiring declaration and payment of estimated tax), the taxes are not due until the time fixed for filing of the return, ORS 314.395. Thus, although interest may accrue on the portion of taxes not pre-paid, ORS 316.587, the taxpayer is not subject to a delinquency penalty until the time fixed for filing the return has passed, ORS 314.400(1)(b).

1970 through 1987 are barred by ORS 305.765 and 305.780, because the taxes for those years became due and payable in years prior to 1989, the year in which the taxpayer instituted these proceedings.

## B. SUFFICIENCY OF STATE REMEDY UNDER FEDERAL LAW

■ Having determined that state law limits the remedy available to the taxpayer, we next determine whether the state law remedy is consistent with the Due Process Clause of the Fourteenth Amendment. *McKesson Corp. v. Division of Alcoholic Beverages and Tobacco*, 496 US 18, 40-44, 51, 110 S Ct 2238, 2252-54, 2258, 110 L Ed 2d 17 (1990). In *McKesson*, the Court held that where a state requires that taxes be paid prior to challenging their validity, the state's post-payment procedure must "provide a 'clear and certain remedy' for the deprivation of tax moneys in an unconstitutional manner." 496 US at 51, (citation omitted). A state has discretion in determining how to satisfy its obligation, ranging from providing refunds of the unconstitutionally exacted taxes to imposing back taxes on the previously favored group to render the tax treatment nondiscriminatory. *Id.* However, the state legitimately may limit its obligation to refund taxes collected under an invalid law by requiring those who claim that a tax law is invalid to pay under protest or by imposing short statutes of limitations on such claims. *Id.* at 45, 50. "Such procedural measures would sufficiently protect States' fiscal security when weighed against their obligation to provide meaningful relief for their unconstitutional taxation." *Id.* at 50. The question presented here is whether the short time limitation in ORS 305.765 and 305.780 for refunds of taxes collected pursuant to an invalid tax scheme is consistent with the principles set forth by the Court in *McKesson*.

The Department argues that the state's limited refund authorization in these circumstances substantially is equivalent to the state's having adopted a short statute of limitations or allowing refunds only to those who paid their taxes under protest. Because the Court in *McKesson* suggested that such limits on available remedies are consistent with federal law, the Department contends that ORS 305.765 and 305.780 create a reasonable procedural barrier to the taxpayer's refund claims. We agree.

The opportunity to plan for the fiscal consequences of invalidation and to minimize the disruption of state finances is at the heart of ORS 305.765 to 305.785. In order to protect its financial stability, the state has chosen to require taxpayers who contest the validity of a state tax law or part thereof to provide notice of their claim of invalidity by instituting legal action. Until a taxpayer does so, the state has no way of preparing and planning for the consequences of the invalidation of the law at issue. ORS 305.765 to 305.785 provide for refunds of any taxes paid pursuant to the invalidated law during the pendency of the action resulting in its invalidation. This is the type of reasonable limitation that the Court in *McKesson* suggested was appropriate for a state to adopt in order to protect "the State's ability to engage in sound fiscal planning." *McKesson Corp. v. Division of Alcoholic Beverages and Tobacco, supra*, 496 US at 44-45, 50.

## C.   THE DEPARTMENT'S STIPULATION

The taxpayer also asserts that she is entitled to a refund for the years 1970 through 1988 because of the stipulation made by the Department in the administrative proceedings. The tax court discussed this issue. We quote from its opinion:

"Plaintiff claims that defendant has stipulated that her pensions were 'exempt.' Plaintiff relies on a stipulation of facts entered into at the administrative hearing. The stipulation is in defendant's Opinion and Order and as such adopted in defendant's answer by reference. That part of the stipulation in question reads:

" '6.   Each Form 40X requests a refund due to the decrease in income which results from the exclusion of income from the two exempt federal pensions. Mrs. Ragsdale relies on the U.S. Supreme Court's recent decision in *Davis v. Michigan Dept. of Treasury*, 489 U.S. [803], 109 S.Ct. [1500], 103 L.Ed.2d 891, 63 AFTR2d 1174 (1989), in support of her requests for refund.' (Opinion and Order No. 89-2517, at 2.)

"The court cannot accept plaintiff's view of this stipulation. As defendant points out, it is a stipulation of fact as to the reason for the claimed refunds. It is not a stipulation that the pensions were exempt. That would be a stipulation of law, not fact. Stipulations of law affecting the public are not binding on the court. It is the province of the court to

determine the law. *Macklin v. Kaiser Co.*, 69 F Supp 137 (1946). Also, plaintiff reads more into the stipulation than properly can be. *Johnson v. Northwest Acceptance*, 259 Or 1, 485 P2d 12, (1971). The court finds that defendant did not stipulate plaintiff's pensions were exempt." *Ragsdale v. Dept. of Rev.*, 11 OTR 440, 442 (1990).

We agree with the tax court on this issue.

## D. CONCLUSION

Because federal retirement benefits were subject only to a limited exemption from state tax while state retirement benefits were completely exempt, ORS 316.680(1)(c) and (d) (1987) impermissibly discriminated against employees of the federal government in violation of the constitutional doctrine of intergovernmental tax immunity. *Davis v. Michigan Department of Treasury, supra*, 489 US at 816-17. By enacting ORS 305.765 to 305.785, the Legislative Assembly has required the Department to refund only taxes that were collected and paid, and that became due, in or after the year in which the action resulting in the invalidation of the exemption limitation for federal retirement payments in ORS 316.680(1)(c) and (d) (1987) was instituted. This limitation is consistent with federal due process. Under ORS 305.765 to 305.785, the taxpayer is entitled to a refund only for tax year 1988 and any tax years thereafter, if any, in which federal retirement income was included in her state taxable income at a time when, for the same tax year, state retirement income was completely exempt from state taxation.

Therefore, the judgment of the Oregon Tax Court is affirmed in part and reversed in part. The decision of the Department of Revenue is affirmed in part and reversed in part, and this case is remanded to the Department with instructions to provide a refund of $2,518, the excess tax paid by the taxpayer for tax year 1988, and a refund of any excess tax paid by the taxpayer for any tax years thereafter in which federal retirement income was included in her state taxable income at a time when, for the same tax year, state retirement income was completely exempt from state taxation.