## IN THE OREGON TAX COURT

Donovan G. PENDELL
and Barbara A. Pendell

*v.*

DEPARTMENT OF REVENUE

(TC 3150)

Plaintiff appeared *pro se.*

Ted E. Barbera, Assistant Attorney General, Department of Justice, Salem, represented defendant.

Decision for plaintiff rendered May 18, 1992.

**CARL N. BYERS, Judge.**

This matter is before the court on defendant's Motion for Summary Judgment. Plaintiffs, on their 1989 income tax return, claimed their federal pension income as exempt and requested a refund of $1,227. In its Opinion and

Order No. 91-0961, defendant held the federal pension income taxable. Plaintiffs then filed their appeal in this court.

Subsequently, the Oregon Supreme Court decided the case of *Ragsdale v. Dept. of Rev.*, 312 Or 529, 823 P2d 971 (1992). Defendant concedes that the *Ragsdale* decision entitles plaintiffs to a refund for the tax year 1989. Hence, defendant's Motion for Summary Judgment must be denied. In a telephone conference with the court, the parties agreed the court should enter a judgment remanding this matter back to defendant. However, defendant's proposed judgment of remand does not provide for interest on the refund. Plaintiffs contend they are entitled to interest on the refund.

■ Plaintiffs' position rests on two basic points. First, plaintiffs contend that the decision of the United States Supreme Court in *Davis v. Michigan Department of Treasury*, 489 US 803, 109 S Ct 1500, 103 L Ed 2d 891 (1989), automatically invalidated ORS 316.680(1)(c) and (d) (1987 Replacement Part). Plaintiffs reason that defendant collected the tax under an invalid statute and, therefore, must pay interest on the refund. Plaintiffs are mistaken. The *Davis* case did not address Oregon's tax statute but only the Michigan tax scheme. The fact that *Davis* had strong implications for Oregon's tax scheme is evident. However, ORS 316.680 (1)(c) and (d) were not invalid until expressly declared so by an Oregon court or by the United States Supreme Court. This did not occur until the Oregon Supreme Court in *Ragsdale* expressly held ORS 316.680(1)(c) and (d) invalid under *Davis*.

■ Plaintiffs claim too much for *Davis*. That case held only that the Michigan tax scheme violated federal law. The United States Supreme Court did not require refunds. To the contrary, it expressly left the choice of remedies to the state. The state could grant refunds or it could impose a tax on its state employees, *Id.* at 817-18. There was nothing inherent in the decision which required a refund to plaintiffs. *Id.*[1]

Plaintiffs' second argument, in essence, claims that the statutes governing refunds are unconstitutional. ORS 305.765, which governs plaintiffs' refund, does not provide

---

[1] The remedy ordered in *Davis* was a "mandate of equal treatment." 489 US at 817 (citation omitted).

for the payment of interest.[2] Plaintiffs claim that this violates the "uniformity requirement of equal protection" mandated by Article I, section 20, of the Oregon Constitution. Plaintiffs also argue that ORS 305.775, which does provide for interest but does not apply to plaintiffs' situation, should be declared invalid "because of its failure to provide uniformity between citizens of a similar class," *i.e.,* state and federal retirees.

■■ All of plaintiffs' claims with regard to ORS 305.765 and ORS 305.775 are without merit. In *Ragsdale,* the Oregon Supreme Court expressly found that ORS 305.765 applies to refund claims made by virtue of a statute being held invalid. 312 Or at 537. The Supreme Court also held that the remedy provided by ORS 305.765 is consistent with the Due Process Clause of the Fourteenth Amendment of the United States Constitution. *Id.* at 540-41 (citing *McKesson Corp. v. Division of Alcoholic Beverages and Tobacco,* 496 US 18, 110 S Ct 2238, 110 L Ed 2d 17 (1990)). There is nothing in *McKesson* which requires a state to pay interest on refunds.

■ Plaintiffs acknowledge that this court has held the payment of interest is not required. *See Fields v. Dept. of Rev.,* 10 OTR 458, 460 (1987) (citing *Seton v. Hoyt,* 34 Or 266, 272, 55 P 967 (1899)). Likewise, while Article IX, section 2, of the Oregon Constitution requires the Legislative Assembly to raise revenue sufficient to pay the expenses of the state, including interest on state debt, it does not require the state to pay interest on every debt. The legislature may choose to provide for interest on a refund as it has in ORS 305.775 or it may choose to grant refunds without interest as it has in ORS 305.765.[3] The fact that plaintiffs come within the statute

---

[2] ORS 305.765 states:

"Whenever, in a proceeding involving the validity of any law whereby taxes assessed or imposed have been collected and received by the state, acting through any department or agency thereof, and paid into the State Treasury, if the court of last resort holds the law or any part thereof invalid, and the time limited for any further proceeding to sustain the validity of the law, or the part thereof affected, has expired, and if there is no other statute authorizing refund thereof, all taxes collected and paid under the law or part thereof invalidated, in or after the year in which the action attacking the validity of the same was instituted, shall be refunded and repaid in the manner provided in ORS 305.770 to 305.785."

[3] Plaintiffs rely on *Case v. Chambers,* 210 Or 680, 314 P2d 256 (1957), as supporting their claim for interest as a matter of public policy. The court in *Case* viewed ORS 306.260 as an expression of the public policy of the state. *Id.* at 713. ORS

which provides for no interest violates none of their constitutional rights. Now, therefore,

IT IS ORDERED that defendant's Motion for Summary Judgment is denied, and

IT IS FURTHER ORDERED that this matter be remanded to defendant with instructions to provide plaintiffs with a refund without interest.

---

306.260 was renumbered to ORS 305.755 and repealed by 1969 Or Laws ch 166, § 8, and 1969 Or Laws ch 520, § 49. Therefore, any argument that paying interest on refunds is a matter of public policy was nullified by the repeal of ORS 305.755.