William T. and Susan A. ATKINS

*v.*

DEPARTMENT OF REVENUE

(TC 3469)

Plaintiffs appeared *pro se*.

Ted E. Barbera, Assistant Attorney General, Department of Justice, Salem, represented defendant.

Decision in part for plaintiffs and in part for defendant rendered May 4, 1994.

## CARL N. BYERS, Judge.

This matter is before the court on cross-motions for summary judgment. There is no dispute of material fact.[1] The motions raise issues with regard to the effect of *Harper v. Virginia Dept. of Taxation*, 509 US 86, 113 S Ct 2510, 125 L Ed 2d 74, (1993), on Oregon's income tax laws.

## FACTS

Plaintiffs are husband and wife. In 1987 husband was a resident of Oregon and wife was a resident of California. They filed a joint nonresident 1987 Oregon income tax return. The return excluded one-half of husband's federal retirement income on the theory that, under California community property law, one-half of the income belonged to wife.[2] Plaintiffs later concluded that none of their 1987 federal retirement income should have been subjected to taxation by Oregon and filed an amended 1987 return.[3] Defendant audited the return and, in January 1992, issued a notice of assessment of additional tax for the excluded federal retirement income. Although plaintiffs paid the assessment to avoid the accrual of interest, they appealed the assessment to defendant.[4] On July 9, 1993, defendant issued its Opinion and Order No. 92-5105 denying plaintiffs a refund for 1987.

A brief review of the case law will be helpful in understanding the issues raised in this appeal.

## UNCONSTITUTIONAL DISCRIMINATION

In 1989, the United States Supreme Court held that a state law imposing a tax on federal retirement income, but exempting state retirement income, violated 4 USC § 111 and the constitutional doctrine of intergovernmental immunity incorporated therein. *Davis v. Michigan Dept. of Treasury*, 489

---

[1] The facts are taken from the pleadings and memoranda filed by the parties.

[2] Plaintiffs acknowledge in their rebuttal brief that they relied on erroneous advice of the California Franchise Tax Board and a California attorney.

[3] The amended return served as a claim for refund of all taxes attributable to plaintiffs' 1987 federal retirement income. *See* ORS 305.270(2).

[4] Defendant must have also assessed deficiencies due to excluded federal retirement income for 1988 and 1989, because plaintiffs appealed assessments for those years. Their appeal of 1988 and 1989 was rendered moot when defendant refunded the taxes for those years in accordance with *Ragsdale v. Dept. of Rev.*, 312 Or 529, 823 P2d 971 (1992).

US 803, 109 S Ct 1500, 103 L Ed 2d 891 (1989).[5] The decision leaves the state with the responsibility of resolving the discrimination. 489 US at 817-18.

Based on *Davis*, Oregon taxpayers who had paid state income tax on their federal retirement income filed written claims for refunds under ORS 305.270 and ORS 314.415.[6] In *Ragsdale v. Dept. of Revenue*, 11 OTR 440 (1990), this court acknowledged that Oregon's tax scheme came within the *Davis* ruling. 11 OTR at 443. However, after applying the tests set forth in *Chevron Oil v. Huson*, 404 US 97, 92 S Ct 349, 30 L Ed 2d 296 (1971), this court concluded that *Davis* should not be applied retroactively and denied the taxpayers' claim for refunds. The taxpayer appealed that ruling to the Oregon Supreme Court. 11 OTR at 446.

## OREGON'S LIMITED REMEDY UNDER *RAGSDALE*

In *Ragsdale v. Dept. of Rev.*, 312 Or 529, 823 P2d 971 (1992), the court held that, regardless of any theory of retroactivity under federal law, ORS 305.765 to 305.785 required a "measure" of retroactivity. 312 Or at 534. ORS 305.765 provides:

"Whenever, in a proceeding involving the validity of any law whereby taxes assessed or imposed have been collected and received by the state, acting through any department or agency thereof, and paid into the State Treasury, if the court of last resort holds the law or any part thereof invalid, and the time limited for any further proceeding to sustain the validity of the law, or the part thereof affected, has expired, *and if there is no other statute authorizing refund thereof,* all

---

[5] Justice Stevens, in his dissent, indicates that at least 14 other states, including Oregon, had similar tax schemes. 489 US at 822.

[6] The relevant portions of the refund claim statutes provide:

"[I]f the amount of the tax shown as due on a report or return * * * is less than the amount theretofore paid, or if a person files a claim for refund * * * any excess tax paid shall be refunded by the department with interest * * *.

"The claim shall be made on a form prescribed by the department, except that an amended report or return showing a refund due * * * shall constitute a claim for refund." ORS 305.270(1) and (2).

"No refund shall be allowed or made after three years from the time the return was filed, or two years from the time the tax or a portion thereof was paid, whichever period expires the later, unless before the expiration of such period a claim for refund is filed * * * in compliance with ORS 305.270, * * *." ORS 314.415(1)(b).

taxes collected and paid under the law or part thereof invalidated, in or after the year in which the action attacking the validity of the same was instituted, shall be refunded and repaid in the manner provided in ORS 305.770 to ORS 305.785." (Emphasis added.)

Separate and apart from the issue of retroactivity is the issue of remedies. The *Ragsdale* court decided that ORS 305.765 through ORS 305.785 provide the exclusive remedy for refund of taxes paid under an invalidated state law. 312 Or at 537. In reconciling the statutes, the court viewed ORS 305.270 and ORS 314.415 as general refund provisions which did not apply in the face of the specific provisions of ORS 305.765. *Id.* The court interpreted the phrase "and there is no other statute authorizing refund thereof" to mean another statute "that specifically authorizes the refunding of taxes collected pursuant to laws later invalidated." 312 Or 537. This interpretation denied Oregon taxpayers refunds for any years prior to 1988.

## EFFECT OF *HARPER*

In *Harper v. Virginia Dept. of Taxation*, 509 US 86, 113 S Ct 2510, 125 L Ed 2d 74 (1993), the United States Supreme Court held that the ruling in *Davis* was to be applied retroactively. *Harper* involved a Virginia income tax scheme similar to Oregon's and similar to the one in *Davis*. The Virginia Supreme Court acknowledged that Virginia's income tax laws violated the doctrine of intergovernmental immunity, but denied that *Davis* should be applied retroactively. In *Harper*, the United States Supreme Court reversed the Virginia Supreme Court, announcing:

> "When this Court applies a rule of federal law to the parties before it, that rule is the controlling interpretation of federal law and must be given full retroactive effect in all cases still open on direct review and as to all events, regardless of whether such events predate or postdate our announcement of the rule." 113 S Ct at 2517, 125 L Ed 2d at 86.

This pronouncement alone does not entitle plaintiffs to a refund. Although a federal ruling may be given retroactive effect, the remedies provided to taxpayers are a matter of state choice.[7] The only limitations imposed upon a state's

---

[7] The Court in *Harper* noted:

choice of remedies is that the states must comply with federal requirements for due process.

### DUE PROCESS REQUIREMENTS

■ The requirements of due process are set out in *McKesson v. Division of Alc. Bev.*, 496 US 18, 110 S Ct 2238, 110 L Ed 2d 17 (1990). As explained in that case, because "exaction of a tax constitutes a deprivation of property, the State must provide procedural safeguards against unlawful exactions in order to satisfy the commands of the Due Process Clause." 496 US at 36. The procedural safeguards may consist of a predeprivation hearing or clear and certain, backward-looking, postdeprivation relief. 496 US at 37.

The fundamental requirement of predeprivation due process is that the person being deprived of property must be given "the opportunity to be heard."[8] *Grannis v. Ordean*, 234 US 385, 394, 34 S Ct 779, 58 L Ed 1363 (1914).

"It is an opportunity which must be granted at a meaningful time and in a meaningful manner." *Armstrong v. Manzo*, 380 US 545, 552, 85 S Ct 1187, 14 L Ed 2d 62 (1965).

■ In the area of taxation the taxpayer must have "a meaningful opportunity to withhold payment and to obtain a predeprivation determination of the assessment's validity." *McKesson* 496 US at 38. Plaintiffs maintain that Oregon does not provide a constitutionally sufficient predeprivation hearing.

■ Under Oregon's statutory scheme, taxpayers who wish to contest an income tax assessment need not pay the tax before appealing to the Department of Revenue. If a taxpayer

"[W]e reverse the judgment below. We do not enter judgment for petitioners, however, because federal law does not necessarily entitle them to a refund." *Harper*, 125 LEd 2d at 88.

[8] To be "heard," the person "shall have the right to support his allegations by argument however brief, and, if need be, by proof, however informal." *Londoner v. Denver*, 210 US 373, 386, 28 S Ct 708, 52 L Ed 103 (1908).

"The requirement of due process is that after such notice as may be appropriate the taxpayer have opportunity to be heard as to the amount of the tax by giving him the right to appeal for that purpose at some stage of the proceedings before the tax becomes irrevocably fixed." *McGregor v. Hogan*, 263 US 234, 237, 44 S Ct 50, 68 L Ed 282 (1923) (citations omitted).

appeals to the Department of Revenue, the department then conducts an administrative hearing. At the hearing, the taxpayer is given an opportunity to argue, to submit proof, to be represented by counsel, and to cross-examine witnesses. This administrative adjudication is conducted by a hearings officer who makes written findings of fact and recommended conclusions. The director of the department makes the ultimate decision.[9] ORS 305.275.

## OREGON PROCEDURE COMPLIES WITH DUE PROCESS

Oregon's statutory scheme provides taxpayers with a predeprivation hearing consistent with the requirements of due process. Taxpayers may withhold payment and seek a determination of their liability. Although taxpayers are required to pay their income tax before appealing to the Oregon Tax Court, this is only after completion of the administrative hearing.

Even if the administrative hearing does not constitute a predeprivation hearing, Oregon statutes provide a clear and backward-looking remedy for taxpayers appealing an assessment of a tax. The appeal statutes preserve the taxpayer's right to a refund. ORS 305.419 and ORS 305.435.

## TWO SEPARATE GROUNDS

Plaintiffs' claim for refund in this case requires analysis on two separate grounds. Part of the taxes which plaintiffs seek to recover were assessed after the *Davis* decision. The other part of the taxes for which plaintiffs request a refund were self-assessed when they filed their original 1987 return.

■ *Davis* declared laws like Oregon's in violation of the federal constitution. *Harper* makes it clear that the *Davis* ruling is to be given full retroactive effect. That is, once Oregon's scheme became invalid under the federal constitution, defendant may not continue to assess or collect taxes under that scheme. Consequently, *Harper* makes defendant's 1992

---

[9] Although the director is charged with the duty of administering the tax laws (ORS 305.015) and, therefore, charged with raising revenue (ORS 305.025), plaintiffs do not contend that either the director or the hearings officer is not impartial.

assessment invalid. Plaintiffs timely appealed that assessment in accordance with statutory procedures. Those procedures assure plaintiffs that, if they prevail, they are entitled to a refund of the taxes paid under the assessment. ORS 305.419. The limitations of ORS 305.780 do not apply here, because the refund is not sought in a case attacking the validity of the law. That was done in *Ragsdale*. Here, plaintiffs are contending that the assessment is not valid. The court concludes that plaintiffs are entitled to a refund of all taxes and interest paid under the assessment.

■ The second portion of plaintiffs' claim is governed by *Ragsdale*. When the taxpayers filed their 1987 income tax return, they self-assessed and paid the tax on one-half of their federal retirement income. After *Davis* declared tax schemes like Oregon's invalid, plaintiffs filed a claim for refund under ORS 305.270. *Ragsdale* holds that the refund provisions of ORS 305.270 do not apply to refunds based on invalidated laws. Refunds due under invalidated laws are provided by ORS 305.765. However, plaintiffs do not qualify for a refund under ORS 305.765 because that statute provides only limited refunds. The court in *Ragsdale* held that ORS 305.765 through ORS 305.785 is the type of limited remedy which satisfies the requirements of due process. *Harper* does not change this ruling because *Harper* only addresses retroactivity, not the remedy required by due process.

The court finds plaintiffs are entitled to a refund of only those amounts paid in response to the 1992 assessment made by defendant. The self-assessed taxes paid under their original 1987 income tax return may not be refunded. Now, therefore,

IT IS HEREBY ORDERED that the cross motions for summary judgment are granted in part and denied in part in accordance with the above decision. Plaintiffs to recover costs and disbursements.