Argued and submitted November 14, 1996, reversed and remanded with
instructions July 2, petition for review denied December 16, 1997 (326 Or 233)

In the Matter of
James Reynolds, Krystal Reynolds and Matthew Reynolds,
Minor Children.

STATE ex rel STATE OFFICE FOR
SERVICES TO CHILDREN AND FAMILIES,
*Appellant,*

*v.*

Randyl C. REYNOLDS,
*Respondent.*

(5170-J; 5171-J; 5172-J; CA A93957)

941 P2d 1059

Michael C. Livingston, Assistant Attorney General,
argued the cause for appellant. With him on the brief were

Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Kevin M. McCallie argued the cause and filed the brief for respondent.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

RIGGS, P. J.

Landau, J., concurring.

**RIGGS, P. J.**

The State Office for Services to Children and Families (SOSCF) appeals from a judgment of the juvenile court that granted father's motion to terminate his parental rights. We review the record *de novo*, ORS 419A.200(5), ORS 19.125(3), and reverse and remand.

Father met the children's mother in September 1988. He married mother approximately one year later and adopted her three children in November 1989. Mother filed for dissolution of the marriage around July 1992, and the dissolution became final in February 1993. Father has paid approximately $600 per month in child support for the three children.

On January 4, 1993, the juvenile court found the children to be under its jurisdiction and placed them in the physical custody of their maternal grandmother, where they remained until June 3, 1993, when they were returned to mother's custody. On September 7, 1995, the juvenile court again found the children to be under its jurisdiction and ordered the children placed in shelter care. On March 4, 1996, SOSCF signed and sent to father a service agreement that proposed to reunite him with his children. It was shortly after he received the service agreement, on March 13, 1996, that father indicated for the first time that he wished to relinquish his parental rights. In April 1996, father filed a motion to that effect. The state filed an objection to father's motion and requested a hearing. At the time of the hearing, father had not seen the children in over four years and owed $5,000 in support.

After the hearing, the juvenile court entered a judgment granting father's motion. The juvenile court found that termination was appropriate under ORS 419B.506, on the ground that father had neglected the children, and under ORS 419B.504, on the ground that father had abused the children. The court further found that termination was in the best interests of the children.

On appeal, SOSCF argues that the record does not establish by clear and convincing evidence that termination is in the best interests of the children. The factual basis for

the termination of parental rights, unless admitted, must be established by clear and convincing evidence. ORS 419B.521(1). Determining whether parental rights should be terminated requires a two-stage analysis. *State ex rel Juv. Dept. v. Beasley*, 314 Or 444, 451-52, 840 P2d 78 (1992). As the Supreme Court explained:

> "The first stage focuses on the conduct of a parent, *i.e.*, the alleged statutory grounds for termination. The second stage focuses on whether the best interests of the child will be served by termination. In a termination proceeding, if a parent's conduct justifies termination, then the best interests of the child are considered explicitly, and could even then prevent termination from occurring.[14]

---

"[14] Thus, the best interests of the child could prevent termination where the grounds for termination are established, but cannot cause termination where the grounds for termination are not established." *Id.*

With regard to the finding of abuse, the trial court orally found that the statutory ground of abuse *was not* present. However, the written judgment was not amended to delete the finding that father had abused the children. On *de novo* review, we find that father did not abuse the children. We do not disturb the finding that father neglected the children, a ground for termination under ORS 419B.506. Therefore, there is a statutory ground for termination, and we turn to whether termination is in the children's best interests.

In challenging the finding that termination is in the children's best interests, SOSCF argues that

> "[SOSCF] and the juvenile court are working with the mother at this time with the goal of returning the children to her care. Termination of the father's rights does not free the children for adoption, and denial of his request for termination does not deprive them of the opportunity to be adopted or be placed in a permanent home. Under the circumstances, the children are not harmed by maintaining the legal relationship with the father, and his only real complaint is that he no longer wishes to pay child support. Termination of the father's rights will deprive the children

of financial support, which he is now obligated to provide, and any future financial benefits that would result from the parent-child relationship * * *."

■ Father responds that termination is in the children's best interests under the criteria listed in ORS 107.137(1). That statute, however, lists criteria relevant to determining the best interests of a child *when a parent is seeking custody of the child* in a dissolution or modification proceeding.[1] Here, father is not seeking custody, or even visitation. Consequently, under these circumstances, the criteria listed in ORS 107.137(1) are not relevant to whether his parental rights should be terminated.

In finding that termination is in the children's best interests, the juvenile court seems to have focused its analysis on the effect of father developing a demonstrative relationship with the children—an inquiry that is not at issue in this case. The juvenile court reasoned:

"I find that it is not in the best interests of the children for [father] to continue as their father and that his parental rights should be terminated. Since he declines to be involved in any plans to reunite the children with him and given the great span of time since he has had custody of the children, *for him to attempt to again integrate himself at this point in the children's lives would be detrimental to their psychological well being.*" (Emphasis supplied.)

The juvenile court's analysis is erroneous because father is not seeking to "integrate himself * * * in the children's lives"; he is seeking to terminate his legal relationship with them, thus ending his support obligation. This case is simply a matter in which father does not wish to fulfill financial obligations owed to his children. Loss of their right to support from

---

[1] ORS 107.137(1) provides:

"In determining custody of a minor child pursuant to ORS 107.105 or ORS 107.135, the court shall give primary consideration to the best interests and welfare of the child. In determining the best interests and welfare of the child, the court may consider the following relevant factors:

"(a) The emotional ties between the child and other family members;

"(b) The interest of the parties in and attitude toward the child;

"(c) The desirability of continuing an existing relationship; and

"(d) The abuse of one parent by the other."

father results in no benefit, but only detriment, to the children.

■      In contrast, the finding that father neglected the children weighs in favor of termination under the best interests of the children inquiry.[2] That circumstance, however, is mitigated by father's continual assertion that he will not seek custody or visitation and is outweighed by the detriment the children will suffer as a result of termination—loss of their right to financial support from father. Because termination is not in the best interests of the children, the juvenile court erred in granting father's motion. *See Beasley*, 314 Or at 452 n 14.

The concurrence would decline to consider this appeal on the ground that the case was not properly before the juvenile court. Because that issue was not raised at trial or on appeal, we consider it unpreserved and, consequently, do not reach it.

Reversed and remanded with instructions to enter a judgment denying father's motion.

**LANDAU, J.,** concurring.

I agree that the trial court erred in terminating father's parental rights. I reach that conclusion on different grounds than does the majority, however. I express no opinion on whether it is in the best interests of the children to terminate on the facts in this record. I would hold instead that the trial court simply lacked authority even to entertain father's motion to terminate his own parental rights. In my view, the statutes do not authorize such motions in the first place.

---

[2] Whether father's conduct meets the statutory ground for termination under ORS 419B.506 (neglect), and whether termination is in the best interests of the children are two distinct inquiries. *See Beasley*, 314 Or at 452 n 14 (children's best interests may prevent termination even though statutory ground for termination is established). The same evidence, however, may be relevant to both inquiries. In this case, evidence that father neglected the children is relevant to whether there is a statutory ground for termination, as well as whether termination is in the children's best interests.

Although ORS 419B.500 is written, somewhat exasperatingly, in the passive voice (parental rights "may be terminated"), it is clear to me from the context of the statute that the legislature never contemplated that parents could bring an action to terminate their own parental rights. For example, ORS 419B.515 provides that a termination proceeding may be initiated "only after service of summons * * * on the parent or parents." The legislature obviously did not have in mind parents initiating a termination proceeding by serving themselves with summons.[1] My examination of the sketchy legislative history of the statute, from its enactment in 1959 through amendments in 1963, 1973, 1979, 1985, 1987, 1989, and 1993, reveals no mention of the possibility that parents can initiate the termination of their own parental rights under ORS 419B.500.

I am aware that the state failed to raise this issue either at trial or on appeal. Nevertheless, I would not hesitate to address the matter. Parties may not, by waiver or by stipulation, confer authority on the courts that simply does not exist in the law. *See Ragsdale v. Dept. of Rev.*, 312 Or 529, 541, 823 P2d 971 (1992) ("Stipulations of law affecting the public are not binding on the court."). For example, in *Parmele v. Mathews*, 233 Or 616, 379 P2d 869 (1963), the parties failed to question the authority of a circuit court, acting as a probate court, to decide a matter of child custody. *Sua sponte*, the Supreme Court held that the circuit court lacked authority to make that decision, commenting that

> "[a] judgment rendered in a court of competent jurisdiction upon a case which is not properly before the court is just as void as a judgment rendered upon a case before a court which has no jurisdiction to enter it."

*Id.* at 625.

In this case, as in *Parmele*, although the trial court may have had subject matter jurisdiction, the termination proceeding was not properly before it. I would conclude therefore that the trial court lacked authority to entertain father's motion to terminate his own parental rights and would

---

[1] In that regard, it is interesting to note that father served neither himself nor mother in this case.

reverse on that basis the trial court's order granting the motion.