I. INTRODUCTION
This matter is before the court on the motion of Defendant (the department) to dismiss the complaint of Plaintiffs (taxpayers). The complaint seeks a declaration with respect to the validity of Oregon statutes that have the effect of subjecting to taxation the interest on bonds of sister *Page 549 
states while exempting from taxation interest earned on bonds of the State of Oregon and its political subdivisions.
 II. FACTS
Taxpayers originally filed a tax return with the department on which the interest on bonds of sister states was included in Oregon taxable income. Taxpayers then filed an amended return that served as a claim for refund under ORS 305.270.[1] The claim for refund was premised on the position that the Oregon statutes subjecting the interest on sister state bonds to Oregon tax were unconstitutional under provisions of the constitutions of Oregon and the United States. At the time of the filing of this motion, the department had not acted on the claims for refund, and the question of the constitutionality of laws similar to those of Oregon was pending with the Supreme Court of the United States. In Department of Revenue of Kentucky v.Davis, 553 US 328, 128 S Ct 1801, 170 L Ed 2d 685 (2008), the United States Supreme Court held that states may tax interest on sister state bonds while exempting from tax interest on their own bonds.
 III. ISSUE Should the court dismiss this complaint? IV. ANALYSIS
1-3. This court has the ability to issue declaratory judgments under ORS chapter 28. ORS 305.405(2) (Tax Court has the same powers as a circuit court). However, because under ORS 28.010 such actions may only be brought in courts of record, and because the Magistrate Division is not a court of record, the action must be brought in the Regular Division of the court. Commencement of actions in the Regular Division is not the typical process, however. ORS 305.501(1) provides that, except as otherwise provided by law, actions are to be initiated in the Magistrate Division. As should be obvious, if disputes regarding the amount of tax due from a taxpayer can be raised, without limitation, as actions for declaratory *Page 550 
relief, the legislative goal of having disputes heard first in the Magistrate Division would be frustrated.
4, 5. In Oregon, while courts may have jurisdiction to consider cases under the Declaratory Judgments Act, they may and should refuse to do so when adequate remedies, including administrative remedies, exist. See Fifth Avenue Corp. v. WashingtonCo., 282 Or 591, 622, 581 P2d 50 (1978). While the requirement to exhaust administrative remedies in order to bring an appeal to the Tax Court, formerly found in ORS 305.275(4), has been repealed, that legislative act did not do away with the independent case law exhaustion requirement in respect of declaratory relief.
6, 7. In this case, taxpayers have a complete remedy available to them, if they are correct legally, in the form of proceedings under ORS 305.270 for refund. In such a case where a timely specific statutory remedy exists, courts should not entertain declaratory judgment actions. See Brooks v. Dierker,275 Or 619, 624, 552 P2d 533 (1976). Here, proceedings under ORS 305.270 and ORS 305.275 afford them the possibility of a refund of any tax paid under an invalid statute as well as such interest as is provided by law. Actions of the department with respect to the claim for refund are reviewable by this court, although that review begins in the Magistrate Division. ORS 305.275, ORS 305.501.
8, 9. Taxpayers argue, however, that the decisions inAtkins v. Dept. of Rev., 320 Or 713, 894 P2d 449
(1994), cert den, 516 US 1042 (1996) and Ragsdalev. Dept. of Rev., 312 Or 529, 823 P2d 971 (1992) indicate that they are not limited to a claim for refund under ORS 305.270, but rather have a claim for relief under ORS 305.765. Those decisions and that statute do not create an independent basis for relief. Rather, ORS 305.765 provides a remedial limitation on the extent of refund that may be available under other provisions of law. As the Supreme Court recognized inRagsdale, "ORS 305.765 to ORS 305.785 * * * create a remedial limitation consistent with federal due process" guarantees. 312 Or at 533. It follows that regardless of the type of proceeding brought, the outcome of the proceeding may not be recovery beyond the time limits set in ORS 305.765.[2] *Page 551 
10, 11. Taxpayers have argued that a declaratory judgment proceeding offers greater protection to them or others because that type of proceeding will be capable of being brought earlier than a proceeding on a refund claim and so offer more protection under the time limits of ORS 305.765. However, as to taxpayers, the declaratory judgment process and the refund claim are contemporaneous, and our Supreme Court has recognized that the refund claim is itself a proceeding that defines the timeframe for permissible recovery. Ragsdale, 312 Or at 538 ("we read the limitations period in ORS 305.765 to turn on the year in which the taxpayer initiated the administrative proceedings * * * which resulted in the invalidation of the statute"). As to the potential effect on other taxpayers, the court is of the opinion that those potential interests are not relevant in determining whether these taxpayers may proceed by way of an action for declaratory judgment. The asserted interests of others do not remove the case law requirement of exhaustion as to taxpayers' claims. The interests of those others would appear to be addressed by ORS 305.770, which states that where invalidity of a statute is determined, without regard to the type of "action" leading to such invalidation, the department has certain responsibilities to identify and afford relief to other taxpayers.
12. It is appropriate to note that this is a matter in which taxpayers have raised the issue separately by way of a claim for refund, an "action" that constitutes an "attack" on the validity of the statute in question. Not all claims regarding the validity of a tax statute will necessarily arise in the same way. A tax statute may have adverse effects on persons such that they may be entitled to seek a determination of the validity of the statute in advance of paying the tax and seeking a refund. Assuming all other procedural and jurisdictional requirements are met in such a case, a declaratory judgment proceeding might well be appropriate and available.[3] This, however, is not such a case and the motion of the department is granted. *Page 552 
 V. CONCLUSION
Now, therefore,
IT IS ORDERED that Defendant's Motion to Dismiss is granted.
[1] Unless otherwise noted, all references to the Oregon Revised Statutes (ORS) are to the 2005 edition. The parties stipulated to this point at the hearing on Defendant's Motion to Dismiss on February 25, 2009.
[2] As the court in Ragsdale observed: "Although ORS 305.765 and 305.780 are not statutes of limitations, they are like limitations statutes, because they bar refunds for taxes collected and paid, or which become due, in years prior to the year in which the action resulting in invalidation was instituted." 312 Or at 538 n 9.
[3] Our Supreme Court noted in Fifth Avenue Corp., that for an exhaustion requirement to apply, an administrative remedy that is meaningful must exist. See282 Or at 618. It may be, however, that recourse must first be had to relief under ORS 305.105. Cf. Nutbrown v. Munn,311 Or 328, 343-44, 811 P2d 131 (1991). *Page 553