IN THE OREGON TAX COURT

Holden N. WATERBURY
*v.*
DEPARTMENT OF REVENUE
(TC 2653)

Daniel C. Re, Gray, Fancher, Holmes, Hurley, Bryant & Lovlien, Bend, represented plaintiff.

Ted E. Barbara, Senior Assistant Attorney General, Department of Justice, Salem, represented defendant.

Decision for plaintiff rendered November 7, 1989.

**CARL N. BYERS, Judge.**

Plaintiff's complaint for refunds claimed distributions of a certain mutual fund were exempt from income tax. The court held this case in abeyance pending a decision in *Borg v. Dept. of Rev.,* 11 OTR 67 (1988), *aff'd,* 308 Or 34, 774 P2d 1099 (1989). That case involved the same issues with the same mutual fund. The *Borg* decision held income attributable to fund investments in government obligations exempt from

income tax, but income attributable to repurchase agreements was not exempt from tax.

Based on that decision, the parties here agreed that a certain percent of plaintiff's income was exempt from taxation. This resulted in refunds being granted to plaintiff. However, the parties were unable to agree on whether plaintiff was entitled to recover attorney fees. The parties' stipulation left that question open for decision by the court. The parties have submitted memoranda and made oral arguments in support of their respective positions.

ORS 305.490(2) provides:

"If, in any proceeding under this section involving taxes upon or measured by net income in which an individual taxpayer is a party, or involving gift or inheritance taxes, the court grants a refund claimed by the executor or taxpayer or denies in part or wholly an additional assessment of taxes claimed by the department to be due from the estate or taxpayer, the court may allow the taxpayer, in addition to costs and disbursements:

"(a) Reasonable attorney fees for the proceeding under this section and for the prior proceeding in the matter, if any, before the department[.]"

The term "may" grants discretionary authority to the court. In *Romani v. Dept. of Rev.*, 10 OTR 64 (1985), the court set forth standards for exercising its discretion. Plaintiff's case comes within the court's guidelines in that the issues involve a tax law which is unclear. Plaintiff claims to meet the statutory condition by virtue of being entitled to receive a refund under the stipulation.

Defendant contends that plaintiff is not entitled to recover attorney fees on two separate grounds. First, defendant asserts that plaintiff is not the "prevailing party" as required by the statute. Defendant cites a footnote by this court in *Martin v. Dept. of Rev.*, 9 OTR 1 (1981). There the court indicated that the statute adopted the prevailing party test. The court believes, however, that defendant is misreading the footnote.

The statute in question does not use the term "prevailing party." It does specify that if a taxpayer is granted a

refund or is relieved in whole or in part of an additional assessment claimed by the defendant, the court may award the taxpayer attorney fees. Traditionally, in prevailing party cases, a party is not considered to have prevailed unless that party achieves the greater relief. *Pelett v. Welch,* 71 Or App 761, 694 P2d 574 (1985). However, not all statutes use the netting or weighing process to determine who is the prevailing party. *Hamer v. Mayeda,* 64 Or App 705, 669 P2d 811 (1983). ORS 305.490(2) does not use that process. The statute provides that if the taxpayer obtains any relief, the court may award attorney fees.

Defendant's second argument is that the relief plaintiff obtained was not granted by the court. The parties stipulated to the relief. Defendant contends that the statute contemplates attorney fees only if the court "grants" or "denies" the relief. Defendant cites *Stelljes/Dumler v. State Board of Parole,* 307 Or 365, 769 P2d 177 (1989), as guidance for this case. In that case, the court denied plaintiffs a prevailing party fee because the relief they obtained was not in the court, but as a result of amended administrative orders issued before the court acted. That case is not applicable here. Here, plaintiff has obtained a court judgment which grants him a refund.

■     Defendant's argument, in essence, is that plaintiff should not recover attorney fees unless the court makes the decision on the merits. The court sees little to recommend this position. As noted by the court in *Parker v. Matthews,* 411 F Supp 1059, 1063 (DDC 1976): "[T]he operative factor is success, not at which stage or how that success is achieved, * * *." Defendant's position would encourage taxpayers to force a trial in order to protect their right to recover attorney fees and costs. The court believes this is counterproductive.

In view of the above, the court finds that plaintiff is entitled to recover attorney fees in the amount of $4,180. The court shall amend the judgment to include the award for attorney fees.