Argued and submitted January 7, the judgment of the Oregon Tax Court affirmed
March 25, 1993

Donovan G. PENDELL
and Barbara A. Pendell,
*Appellants,*

*v.*

DEPARTMENT OF REVENUE,
State of Oregon,
*Respondent.*

(OTC 3150; SC S39418)

847 P2d 846

Darwin K. Anderson, Portland, argued the cause for appellants. Appellants filed the brief *pro se*.

Ted Barbera, Assistant Attorney General, argued the cause for respondent.

FADELEY, J.

## FADELEY, J.

Taxpayers, Barbara and Donovan Pendell, appeal a judgment of the Oregon Tax Court, setting aside the Department of Revenue's (DOR) order and remanding the case to the department with instructions to provide taxpayers with a refund, without interest, of excess taxes paid on federal retirement income for the year 1989. Taxpayers claim that interest should be paid on the amount refunded and that they should receive attorney fees and costs.

In *Davis v. Michigan Dept. of Treasury*, 489 US 803, 109 S Ct 1500, 103 L Ed 2d 891 (1989), the Supreme Court of the United States invalidated Michigan's statutory scheme, which gave favorable tax treatment to state retirees, holding that it violated statutory and constitutional principles of intergovernmental *tax immunity*. That Court held that states are required to tax or exempt state and federal pensions alike. 489 US at 817-18. Oregon tax laws exempted all state public employees' retirement payments from taxation in 1989, but provided only a limited exemption for federal retirees' retirement payments. ORS 316.680(1)(c), (d) (1989).[1]

Taxpayers are federal retirees who, in 1989, paid state income taxes on their federal pensions under protest. They filed a complaint seeking a refund. The DOR rejected taxpayers' arguments and taxpayers filed a complaint in the Oregon Tax Court. While the appeal was pending, this court handed down its decision in *Ragsdale v. Dept. of Rev.*, 312 Or 529, 823 P2d 971 (1992). *Ragsdale* held that a taxpayer was entitled to a refund, as provided by ORS 305.765, based on the invalidity of a state tax law that taxed federal retirement income while exempting state retirement income. The DOR then conceded in the present case that, under *Ragsdale*, taxpayers were entitled to a refund of excess Oregon income tax paid on their federal retirement income for 1989. However, the DOR argued that taxpayers were not entitled to interest on the refund. The tax court agreed and ordered that

---

[1] The 1989 legislature attempted to amend ORS 316.680 to eliminate the tax exemption for state retirees. Or Laws 1989, ch 906. However, before that amendment became law, it was referred under Article IV, section 1(3), of the state constitution and rejected by the voters. *Hand v. Roberts*, 309 Or 430, 788 P2d 446 (1990), describes that proposal.

the refund be without interest. The court awarded neither party costs, disbursements, or attorney fees. Taxpayers then appealed to this court, claiming entitlement to interest, attorney fees, costs, and disbursements in connection with their refund.

### Interest on the Refund

■ The general tax refund statutes provide for interest on tax refunds that are delayed. ORS 305.270(1); ORS 314.415(1)(a). However, ORS 305.765 to 305.785 specifically apply to refunds such as this one, where the taxes are refunded as a result of an invalidated law. *Ragsdale v. Dept. of Rev., supra,* 312 Or at 537. ORS 305.765 provides that refunds of taxes that arise because a tax law is adjudged invalid "shall be refunded and repaid in the manner provided in ORS 305.770 to 305.785." ORS 305.775 provides:

> "If an appeal from or petition for certiorari to review a decision of the Supreme Court of Oregon, holding a tax law or any part thereof invalid, is taken to the Supreme Court of the United States and that court does not reverse or modify the decision of the Supreme Court of Oregon, the refund of the invalid taxes shall include interest on the amount paid at the rate of six percent from the date of the last decision of the Supreme Court of Oregon in the matter to the date of filing with the Secretary of State of the report and list of taxpayers entitled to the refunds as required by ORS 305.770."

That is the only provision for interest in the statutes concerning refunds of taxes imposed by laws that this court invalidates. The legislature expressly provided for interest only when an unsuccessful appeal to the Supreme Court of the United States claims that the law was valid. That limitation suggests that the legislature's failure to expressly grant interest in other situations involving such refunds was intentional. *See* ORS 174.010 (when interpreting a statute the court shall not "insert what has been omitted"); *Smith v. Clackamas County,* 252 Or 230, 233, 448 P2d 512 (1969) (the inclusion of specific matter in a statute implies a legislative intent to exclude related matters not mentioned), *overruled on different grounds* by *Whipple v. Howser,* 291 Or 475, 632 P2d 782 (1981). This suggestion is corroborated by a related statute, ORS 305.785, which concerns appropriation for refunds due to invalidated laws and provides:

"There hereby is appropriated out of the moneys in the General Treasury, not otherwise appropriated, the amounts necessary to carry out ORS 305.770 to 305.775, *not exceeding the amounts paid to and received by the State of Oregon, together with interest as provided in ORS 305.775,* under and by virtue of the law or laws, or parts thereof, declared to be invalid."[2] (Emphasis added.)

ORS 305.775 expressly provides for interest only in the situation of unsuccessful appeals to the Supreme Court of the United States. The statute confirms that interest is not payable in other situations related to an invalidated tax law.

■ The state is not required to pay interest unless self-imposed by statute. *Seton v. Hoyt*, 34 Or 266, 272, 55 P 967 (1899); *see also Fields v. Dept. of Rev.*, 10 OTR 458 (1987) (no interest is allowed without a specific statutory provision). Taxpayers contend that, notwithstanding the above principles, they are entitled to interest under *Case v. Chambers*, 210 Or 680, 713, 314 P2d 256 (1957), which construed *former* ORS 306.260 (1955). Taxpayers' reliance on *Case* is misplaced. *Case* spoke of a general policy and dealt with a silent statute. Here, ORS 305.775 is not silent, but provides for interest, albeit not interest on the type of refunds based on an invalidated tax law that are involved in this case. ORS 305.770 to 305.785 are self-contained statutes that allow for interest in one situation only. Taxpayers do not qualify under that situation and, thus, they are not entitled to interest by reason of ORS 305.775.

■ We now turn to taxpayers' contentions that they are entitled to an award of interest for constitutional reasons.

---

[2] Because the obligation to pay a refund provided by ORS 305.765 may well come after the end of the state budget period in which those funds were received as taxes and because of balanced-budget constraints imposed on Oregon government by Article IX, sections 2 and 6, of the Oregon Constitution, refunds of taxes imposed by laws later declared invalid are a direct expenditure of the state for which a separate appropriation is required.

Article IX, section 2, in part provides:

"The Legislative Assembly shall provide for raising revenue sufficiently to defray the expenses of the State for each fiscal year * * *."

Article IX, section 6, provides:

"Whenever, the expenses, of any fiscal year, shall exceed the income, the Legislative Assembly shall provide for levying a tax, for the ensuing fiscal year, sufficient, with other sources of income, to pay the deficiency, as well as the estimated expense of the ensuing fiscal year."

They first argue that they are entitled to interest for the money "taken" by the government.[3] However, this present case involves the taxation power, not the eminent domain power of the government. The takings clauses of the state and federal constitutions are not dispositive nor the appropriate basis for starting an inquiry. As to the taxpayers in this case, government's action was to tax, not to take. *Hughes v. State of Oregon*, 314 Or 1, 34, 36, 838 P2d 1018 (1992).

Next, taxpayers argue that they are entitled to interest under the Due Process Clause of the Fourteenth Amendment. Due process requires that states give a "clear and certain remedy" when taxes are collected in an unconstitutional manner. *McKesson v. Division of Alc. Bev.*, 496 US 18, 51, 110 S Ct 2238, 110 L Ed 2d 17 (1990). States may impose procedural requirements on the relief available, such as making refunds available only to those who pay under protest or through the use of "relatively short statutes of limitation." 496 US at 50. Those procedural limitations "sufficiently protect States' fiscal security when weighted against their obligation to provide meaningful relief for their unconstitutional taxation." *Id.*; *see also Ragsdale v. Dept. of Rev., supra*, 312 Or at 541 (the short time limits on a remedy under ORS 305.765 and 305.780 are reasonable procedural barriers to a claim for a refund). In the present case, the question is whether the lack of interest on refunds is a reasonable limitation on the relief provided.

---

[3] Taxpayers rely on the Fifth and Fourteenth Amendments to the Constitution of the United States; Oregon Constitution, Article I, section 18; and *State Highway Com'n v. Deal*, 191 Or 661, 684, 233 P2d 242 (1951) (interest is part of the "just compensation" due for a taking of property). The Fifth Amendment to the United States Constitution provides in part:

"No person shall * * * nor shall private property be taken for public use, without just compensation."

The Fourteenth Amendment, section 1, of the United States Constitution, provides:

"All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

Article I, section 18, of the Oregon Constitution, provides in part:

"Private property shall not be taken for public use, nor particular services of any man be demanded, without just compensation; nor except in the case of the state, without such compensation first assessed and tendered * * *."

Neither *McKesson* nor other Supreme Court cases applying *McKesson's* principles mention the subject of interest, much less indicate that interest would be required. *E.g., American Trucking Assns. v. Smith*, 496 US 167, 110 S Ct 2323, 110 L Ed 2d 148 (1990). Neither does this court's recent decision in *Ragsdale v. Dept. of Rev., supra*, requiring refunds under ORS 305.765. If it is permissible for a state to utilize short statutes of limitations in order to aid its fiscal planning, there is no reason to infer that a state's decision to decline to offer interest would be so egregious as to deprive the taxpayers of a meaningful remedy. *See Chicago Freight Car Leasing Co. v. Limbach*, 62 Ohio St 3d 489, 584 NE2d 690 (1992) (failure to pay interest on refunds of illegally collected taxes is permissible under *McKesson*). We hold that the lack of interest on refunds of taxes that were imposed by laws that this court invalidates does not violate taxpayers' due process rights under *McKesson*.

■  Taxpayers also argue that the failure to pay interest violates their right to equal protection guaranteed by the Fourteenth Amendment to the Constitution of the United States and to the equal privileges and immunities guaranteed by Article I, section 20, of the Oregon Constitution.[4] To demonstrate unequal treatment, taxpayers compare themselves to two classes of people: (1) the class of state retirees who can bring actions based on their Public Employes' Retirement System (PERS) contract and potentially obtain interest on the sums due under their contract claims, and (2) other state income taxpayers who are entitled to interest under the general refund statutes. The general refund statutes cover those who have paid a tax[5] calculated according to provisions of law, but who have overpaid it. That overpayment and the legal obligation to make a refund usually will occur within the same fiscal period, unlike the case here. *See* n 2, *supra*.

---

[4] Article I, section 20, of the Oregon Constitution, provides:

"No law shall be passed granting to any citizen or class of citizens privileges, or immunities, which, upon the same terms, shall not equally belong to all citizens."

[5] Even the general refund statutes provide for no interest until 45 days after "the due date of the return or the date the tax was paid, whichever is later." ORS 314.415(1)(a).

No Oregon taxpayer who receives a refund due to invalidated laws will receive interest; therefore, the law applies "upon the same terms" to all citizens as Article I, section 20, of the Oregon Constitution requires. The alleged classifications are the result of generally applicable law. They do not arbitrarily deny recovery to only some members of the same class. *Sealey v. Hicks*, 309 Or 387, 397-98, 788 P2d 435, *cert den* 489 US 819 (1990) (classes created by the challenged law itself, rather than being based on characteristics apart from the laws, are not "classes" for the purpose of Article I, section 20); *Hale v. Port of Portland*, 308 Or 508, 525-26, 783 P2d 506 (1989) (class based only on statute, not personal or social characteristics, is not covered); *Cole v. Dept. of Rev.*, 294 Or 188, 191-92, 655 P2d 171 (1982) (invoking Article I, section 20, requires classes identifiable by characteristics other than those created by the statutes attacked). Nor are people in taxpayers' situation — those who, upon a holding that the law exacting the tax was constitutionally invalid, are repaid taxes previously paid in under the invalid law — and those other taxpayers who receive a refund of excess taxes paid under valid laws — members of one class to which scrutiny under Article I, section 20, based on different treatment of persons within the same class is applicable. Taxpayers are not treated any differently regarding refunds because of their status as federal pensioners than are other taxpayers not enjoying that status. All who pay taxes under a law later declared invalid are treated alike in respect to interest on that kind of refund.

■ ■ Because no fundamental right or suspect class is involved, the classifications challenged by taxpayers will not violate their rights to equal protection under the Fourteenth Amendment if the classifications rationally further a legitimate state interest. *Nordlinger v. Hahn*, 505 US ___, 112 S Ct 2326, 120 L Ed 2d 1, 12 (1992); *see also Huckaba v. Johnson*, 281 Or 23, 573 P2d 305 (1978) (an equal protection challenge to a tax classification is determined by whether there is a rational basis for the classification). In this case, the classifications challenged by taxpayers are easily justified by the unpredictable and far-reaching consequences that an invalidated tax law can have on a state's fiscal planning. *See McKesson v. Division of Alc. Bev., supra*, 496 US at 44-45 (recognizing the states' needs to have some protection against

unexpected tax refunds due to invalidated tax laws in order to protect the states' interest in sound fiscal planning); *Ragsdale v. Dept. of Rev., supra*, 312 Or at 541 (the opportunity to plan for the financial consequences of an invalidated tax law is the driving force behind ORS 305.765 to 305.785). The failure to grant interest in the refund statute related to taxes imposed by laws later held by this court to be invalid does not violate taxpayers' right to equal treatment.[6]

### Costs and Attorney Fees

■    Taxpayers contest the tax court's judgment awarding costs and attorney fees to neither party. Taxpayers were the prevailing party before the tax court as they obtained a refund even though they did not obtain interest on the refund. Although the tax court could have awarded taxpayers costs and disbursements under OTCR 68B, it was entitled to direct that no costs or disbursements be allowed. *Benj. Franklin Savings and Loan v. Dept. of Rev.*, 310 Or 651, 801 P2d 771 (1990).

■    ORS 305.490(2) provides that, when an individual taxpayer obtains a refund, the Oregon Tax Court "may" award attorney fees. It does not appear herein whether taxpayers incurred attorney fees. The tax court did not abuse its discretion in failing to award *pro se* taxpayers attorney fees in this case. *See Parquit Corp. v. Ross*, 273 Or 900, 902, 543 P2d 1070 (1975) (the language "attorney fees and costs incurred" in ORS 20.096 does not indicate a legislative intent to award attorney fees to a party who represents himself or herself).

This court, although affirming the refund ordered by the tax court, also declines to award costs, disbursements, and attorney fees under ORS 305.447 on this appeal. Taxpayers have obtained no *further* relief from this court by this appeal.

The judgment of the Oregon Tax Court is affirmed.

---

[6] Taxpayers also appear to be arguing that they are due interest as part of contract damages that they would be entitled to as third-party beneficiaries of the state's PERS contract with state employees. Federal retirees were not intended to benefit from this contract and therefore are not third-party beneficiaries to the contract. *Aetna Casualty & Surety Co. v. OHSU*, 310 Or 61, 65, 793 P2d 320 (1990). Moreover, while they are indeed receiving refunds because of legal effects flowing from the state's not taxing PERS benefits, those refunds are not based in any personal contract. Contract analysis of taxpayers' interest claim is, therefore, not appropriate.