IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

JEFFREY B. WIHTOL,                )
                                             )
            Plaintiff,             )   TC-MD 120762N
                                           )
      v.                      )
                                           )
MULTNOMAH COUNTY ASSESSOR,  )
                                           )
            Defendant,          )
                                           )
    and                     )
                                         )
DEPARTMENT OF REVENUE,     )
State of Oregon,               )
                                         )
        Defendant-Intervenor.     )  **FINAL DECISION**

This matter is before the court in accordance with *Wihtol v. Multnomah County Assessor and Department of Revenue* (*Wihtol*), __ OTR __ (Sept 5, 2013), remanding the matter to the Magistrate Division for determination of costs and disbursements.

On November 26, 2013, Plaintiff filed his Statement for Costs and Disbursements in accordance with Tax Court Rule-Magistrate Division (TCR-MD) 19,[1] requesting a cost award of the $240 filing fee. On December 6, 2013, Defendant-Intervenor (the Department) filed its Objection to Plaintiff's request for costs. On December 9, 2013, Multnomah County Assessor (the County) filed its Response to Plaintiff's Statement for Costs and Disbursements (Response), opposing Plaintiff's request. On December 11, 2013, the court issued an Order granting Plaintiff's request to file a written reply. Plaintiff filed his Reply Memorandum in Support of Statement for Costs and Disbursements (Reply) on December 23, 2013. The court issued an

---

[1] TCR-MD 19 C(1) states, in part, that "[a] party seeking costs and disbursements shall, not later than 14 days after the entry of a magistrate decision, file with the court and provide a copy to the other parties a signed and detailed statement of costs and disbursements."

Order on January 6, 2014, denying the County's request for a hearing because the parties' written submissions were sufficient for the court to rule on Plaintiff's request for costs. This matter is now ready for the court's determination.

A.       *The court's statutory authority to award costs and disbursements*

In *Wihtol*, the Regular Division of this court determined that the statutory basis for the Magistrate Division's authority to award costs is found in ORS 305.490(2),[2] which states in part that "[t]he party entitled to costs and disbursements on such appeal shall recover from the opponent of the party the amount so paid upon order of the court, as in equity suits in the circuit court." *See Wihtol*, __ OTR at __ (slip op at 8). The court in *Wihtol* observed that "[t]here are no such rules [related to equity suits in the circuit court] now in existence, nor were there any such rules in existence in 1995 when the Magistrate Division was created." *Id.* at 6-7.

> "The court concludes that what must be done in such a case is to read the statutory reference as if it now provided authority for an award of costs and disbursements to the prevailing party, unless the court otherwise directs. That rule would apply to magistrates as well as the judge of the Tax Court and would permit such decision makers to exercise discretion in deciding the question."

*Id.* at 7. Although ORS 305.490(2) retains its reference to "equity suits in the circuit court," the legislature repealed the statute providing for costs and disbursements in equity suits, *former* ORS 20.030, with the intent of removing references in the Oregon Revised Statutes to procedural distinctions between actions at law and suits in equity. *See Albright v. Medoff* (*Albright*), 54 Or App 143, 148-49, 634 P2d 479 (1981). With that background in mind, the court concludes that it may look to relevant portions of ORS chapter 20 as well as Tax Court Rule (TCR) 68 and Oregon Rule of Civil Procedure (ORCP) 68[3] to guide the court's interpretation of TCR-MD 19.

---

[2] Unless otherwise noted, the court's references to the Oregon Revised Statutes (ORS) are to 2011.

[3] The Preface to the Tax Court rules state that, "[t]o the extent that the wording of a TCR is the same as that of an ORCP, cases interpreting the ORCP may be looked to as authority for interpreting the TCR."

B.      *Costs allowed only to prevailing party*

Under TCR-MD 19 B, as under TCR 68 and ORCP 68, costs may be awarded only to the prevailing party.[4]  *See Selective Services, Inc. v. AAA Liquidating* (*Selective Services*), 126 Or App 74, 78-79, 867 P2d 545 (1994) ("the Supreme Court held that ORCP 68 B gives trial courts the discretion to award costs to a prevailing party or to award neither party costs.  The court did not hold that the rule authorizes the trial courts to award costs to a nonprevailing party").  TCR-MD 19, TCR 68, and ORCP 68 do not define "prevailing party."  For purposes of defining prevailing party, this court has looked to Oregon Court of Appeals decisions applying definitions of prevailing party found in ORS chapter 20.  *See, e.g. Waterbury v. Dept. of Rev.* (*Waterbury*), 11 OTR 314, 316 (1989).

ORS chapter 20 does not include a definition of prevailing party specifically for purposes of awarding costs and disbursements.  ORS 20.077(2) defines "prevailing party" for purposes of making an award of attorney fees as "the party who receives a favorable judgment or arbitration award on the claim."  Several decisions of the Oregon Court of Appeals suggest that the prevailing party for purposes of attorney fees is also the prevailing party for costs and disbursements.  *See, e.g., Hamlin v. Hampton Lumber Mills, Inc.* (*Hamlin*), 227 Or App 165, 171, 205 P3d 70 (2009) ("[w]ith our designation of plaintiff as the prevailing party on appeal, he will automatically recover the filing fee, ORS 20.310(2), and will also be awarded the prevailing party fee, ORS 20.190(1)(a)");  *Selective Services,* 126 Or App at 78 ("if only for the sake of consistency, we see no reason to" define the term "prevailing party" differently for purposes of ORCP 68 B than for purposes of ORS 20.090 and ORS 20.096(5)).

---

[4] Under TCR-MD 19 B, costs "may" be awarded to the prevailing party.  TCR 68 B and ORCP 68 B both state that costs "shall" be allowed to the prevailing party, but include the limitation "unless the court otherwise directs."  Thus, the award of costs to the prevailing party under TCR 68 B and ORCP 68 B is discretionary.

"[U]nder ORS 20.077, the 'prevailing party' is to be determined on a 'claim-by-claim' basis." *Robert Camel Contracting, Inc. v. Krautscheid*, 205 Or App 498, 504, 134 P3d 1065 (2006). "To determine who is the prevailing party on each claim, a court must weigh 'what was sought by each party against the result obtained.' " *Beggs v. Hart* (*Beggs*), 221 Or App 528, 537-38, 191 P3d 747 (2008), quoting *Lawrence v. Peel*, 45 Or App 233, 243, 607 P2d 1386 (1980). The court in *Beggs* explained "it does not necessarily follow that, merely because a party does not obtain all the relief sought, a party is not a prevailing party[.]" 221 Or App at 536.

The court is not aware of any legislative policy in the context of tax court appeals to aid the court's designation of the prevailing party for purposes of costs and disbursements.[5] Under ORS 305.490(3), (4), the tax court judge may award reasonable attorney fees and reasonable expenses to a prevailing *taxpayer*. The legislature has further limited the availability of reasonable attorney fees and expenses in income tax matters to individual taxpayers or the executor of an estate. ORS 305.490(3)(a)[6]; *see also* Henry C. Breithaupt and Jill A. Tanner, *The Oregon Tax Court at Mid-Century*, 48 Willamette L Rev 147, 163 n107 (2011) (stating that, as held in *Martin v. Dept. of Rev.*, 9 OTR 1 (1981), ORS 305.490(3) does "not authorize fee awards to corporations or government agencies"). ORS 305.490(2), authorizing the award of costs and disbursements, refers only to "[t]he party entitled to costs and disbursements" and does not limit the availability of the award to taxpayers or a specific subset of taxpayers.

/ / /

---

[5] For example, in designating the plaintiff the prevailing party on appeal, the court in *Hamlin* relied in part on "the underlying legislative policy" of ORS 659A.885(1) of "promoting vigorous enforcement of employment discrimination statutes and encouraging employees with reasonable claims to assert them." 227 Or App at 167-68.

[6] ORS 305.490(3)(a) states: "If, in any proceeding before the tax court judge involving taxes upon or measured by net income in which *an individual taxpayer* is a party, or involving inheritance or estate taxes, the court grants a refund claimed by *the executor or taxpayer* or denies in part or wholly an additional assessment of taxes claimed by the Department of Revenue to be due from the estate or taxpayer, the court may allow the taxpayer * * * " reasonable attorney fees and expenses. (Emphasis added.)

1. *Prevailing party in the tax court*

The Oregon Supreme Court has ruled that a taxpayer that receives a substantial reduction in the value of its property is the prevailing party. In *Benj. Franklin Savings and Loan v. Dept. of Rev.* (*Benj. Franklin*), the Supreme Court reversed the tax court's award of costs and disbursements to the Department of Revenue, concluding that the taxpayers, rather than the Department of Revenue, were the prevailing parties. 310 Or 651, 670-71, 801 P2d 771 (1990). The appeal involved "the 1987 assessed value of certain computer equipment" used in taxpayers' "banking and savings and loan businesses." *Id.* at 654. Although the tax court entered a judgment reducing the value of taxpayers' property by over $3 million, the tax court awarded the Department of Revenue its costs and disbursements. *Id.* at 670-71.

On appeal to the Supreme Court, taxpayers argued that "they, rather than the department, were the prevailing parties[.]" *Benj. Franklin*, 310 Or at 670. The Department of Revenue responded that its "initial appraisal was too high only because of taxpayers' failure to: '(1) timely report dispositions, (2) correctly report acquisition years and costs, and (3) file correct and complete equipment descriptions.' "[7] *Id.* at 670. The Supreme Court concluded that, under TCR 68 B, the

> "taxpayers were the 'prevailing parties' in the tax court because the court substantially reduced the valuation of their property. The tax court's award of costs and disbursements to the department was not authorized, and [was] reversed."

*Id.* at 670-71. The court noted that its reversal did "not necessarily entitle taxpayers to an award

/ / /

---

[7] The court explained that, "[u]nder ORS 308.290, taxpayers reported all acquisitions and dispositions of personal property on their property tax returns. On their returns they provided information for each piece of property including a description of the property and the year and cost of its acquisition. Some of the descriptions provided by taxpayers were either inaccurate or incomplete." *Benj. Franklin*, 310 Or at 655.

of costs and disbursements in the tax court. OTCR 68 B permits that court to direct that no costs and disbursements be allowed." *Id.* at 671. The court remanded the matter to the tax court. *Id.*

The County argues that, "without an affirmative decision by the court that determined the rights of the parties, there could not be a prevailing party." (Def's Resp at 3.) However, this court has previously rejected the argument that a plaintiff cannot recover attorney fees and costs "unless the court makes the decision on the merits." *Waterbury*, 11 OTR at 316. In *Waterbury*, the plaintiff obtained relief through a stipulated agreement. *Id.* The court rejected the defendant's argument that the plaintiff should not recover attorney fees and costs, stating:

> " '[T]he operative factor is success, not at which stage or how that success is achieved, * * *.' Defendant's position would encourage taxpayers to force a trial in order to protect their right to recover attorney fees and costs. The court believes this is counterproductive."

*Waterbury*, 11 OTR at 316 (citation omitted).

Both Defendants in this matter argue that, under *Bell v. Dept. of Rev.* (*Bell*), __ OTR __ (Aug 7, 2012), Plaintiff is not the prevailing party in this matter. (Def's Resp at 3-4; Inv's Objection at 2-3.) In *Bell*, taxpayers appealed a denial of their request for costs in the Magistrate Division. __ OTR at __ (slip op at 1). It is unclear under what authority taxpayers requested a cost award. *Id.* The court stated that taxpayers "appear to argue that they are entitled to costs because of the actions of Defendant (department) before or during the proceeding in the Magistrate Division." *Id.* The court's decision in *Bell* makes no reference to TCR 68 and there is no indication that taxpayers properly filed a request for costs under the court's rules. The court's opinion in *Bell* was issued prior to the adoption of TCR-MD 19 and did not discuss taxpayers' entitlement to costs under TCR 68. Rather, the court in *Bell* reviewed a Magistrate Division decision denying taxpayers' request for costs. The court will discuss *Bell* in the context of how the court exercises its discretion to award or deny costs.

2. *Whether Plaintiff is the prevailing party under TCR-MD 19 B*

After a thorough review of pertinent statutes, rules, and decisions, the court concludes that Plaintiff was the prevailing party in this matter under TCR-MD 19. The court finds the decision in *Benj. Franklin* most instructive on the issue. Here, as in *Benj. Franklin*, Plaintiff received a substantial reduction in the value of the property at issue. As Plaintiff stated in his Reply, "[n]either [D]efendant disputes that [P]laintiff obtained all of the relief that he sought * * *. Plaintiff obtained a substantial reduction in his tax liability * * *." (Ptf's Reply at 8-9.) Although Defendants ask the court to consider events and communications that occurred prior to the commencement of this appeal, the court concludes that such facts have no bearing on the designation of the prevailing party. Rather, the court may consider such facts in exercising its discretion to grant or deny costs and disbursements to Plaintiff.

C. *The award of costs and disbursements is discretionary*

"The award of costs and disbursements is entirely discretionary with the court." *PGE v. Dept. of Rev.*, 11 OTR 78, 94 (1988), citing *Ruth et ux v. Hickman* (*Ruth*), 214 Or 490, 330 P2d 722 (1958). In *Ruth*, the Oregon Supreme Court reviewed the trial court's refusal to allow costs and disbursements under *former* ORS 20.030 using an abuse of discretion standard of review. 214 Or at 499. The Court concluded, "[a]lthough we are inclined to think that the trial court should have allowed plaintiffs their costs, we can not say that his refusal to do so in this case was a manifest abuse of discretion." *Id.* (citations omitted).

In *Rogerson v. Baker*, 56 Or App 748, 642 P2d 1216 (1982), the plaintiff challenged the Court of Appeals' denial of his requests for costs under the newly adopted ORCP 68. The court rejected the plaintiff's argument that it was required to award costs, explaining:

/ / /

"We read ORCP 68B to be authority for the appellate courts to award costs and disbursements to the prevailing party in civil actions, just as former ORS 20.030, 20.040 and 20.060 were read to constitute that authority. Because, however, the rule picks up verbatim the discretionary language of ORS 20.030, 'unless the court otherwise directs,' it is clear that the legislature intended that the courts should have authority in all civil cases to deny costs and disbursements to both sides in its discretion. * * * In the present case, we exercised the discretion conferred on us by ORCP 68 B to deny costs to both sides."

*Id.* at 750. *See also Parsons v. Henry*, 65 Or App 627, 634, 672 P2d 717 (1983) (holding that, under ORCP 68 B, "the trial court, in its discretion, could have disallowed plaintiff's costs, but it did not do so" and that was not error). In *AutoLend, IAP, Inc. v. Auto Depot, Inc.* (*AutoLend*), 170 Or App 135, 139, 11 P3d 693 (2000), the Court of Appeals reviewed the trial court's decision not to award costs and disbursements. The court explained:

"By giving a trial court authority to 'otherwise direct[],' ORCP 68 B empowers the court with discretion not to award costs and disbursements to a prevailing party. Thus, we review the trial court's decision not to award costs and disbursements for abuse of discretion. [The defendant] defeated plaintiff's claims against it and plaintiff prevailed on [the defendant's] counterclaim for breach of the loan agreement. The trial court did not abuse its discretion in declining to award costs and disbursements."

*Id.* at 143 (citation omitted).

The Oregon Supreme Court has reviewed the tax court's decision not to award costs under TCR 68 under the same standard used by courts reviewing a denial of costs under ORCP 68. In *Pendell v. Dept. of Rev.*, 315 Or 608, 610, 847 P2d 846 (1993), the taxpayers appealed from a judgment of the tax court arguing that, among other things, the court should have awarded them costs. "Taxpayers [were] federal retirees who, in 1989, paid state income taxes on their federal pensions under protest. They filed a complaint seeking a refund." *Id.* The taxpayers lost their appeal before the Department of Revenue, but prevailed in the tax court after a 1992 Oregon Supreme Court decision invalidated "a state tax law that taxed federal retirement income while exempting state requirement income." *Id.* In the tax court proceeding, the

Department of Revenue conceded that, under the 1992 Oregon Supreme Court decision, "taxpayers were entitled to a refund of excess Oregon income tax paid on their federal retirement income for 1989." *Id.* The tax court ordered the Department of Revenue to issue a refund without interest to taxpayers and awarded costs and disbursements to neither party. *Id.* at 610-11. With respect to taxpayer's request for costs, the court stated:

> "Taxpayers were the prevailing party before the tax court as they obtained a refund even though they did not obtain interest on the refund. Although the tax court could have awarded taxpayers costs and disbursements under OTCR 68B, it was entitled to direct that no costs or disbursements be allowed."

*Id.* at 616, citing *Benj. Franklin*, 310 Or 651.

No statute or rule directs the court to consider specific factors in determining whether to award costs and disbursements. Although it is clear from the case law discussed above that a cost award under both TCR 68 and ORCP 68 is discretionary, the case law provides little guidance on how the court should exercise its discretion. Some indication of relevant considerations may be gleaned from prior decisions and opinions.

1. *Considerations in the discretionary award of costs and disbursements*

In *Benj. Franklin*, the tax court had determined that the taxpayers were not entitled to their costs and disbursements and had, instead, awarded costs and disbursements to the defendant. 310 Or at 670-71. Although the tax court's reasoning was not explicit in its opinion,[8] the Supreme Court indicated that the defendant's initial appraisal of the property at issue "was too high only because of taxpayers' failure to: '(1) timely report dispositions, (2) correctly report acquisition years and costs, and (3) file correct and complete equipment descriptions.' " *Id.* at 670. Thus, the decision suggests that certain errors and shortcomings with the taxpayers'

/ / /

---

[8] *See Benj. Franklin Savings and Loan v. Dept. of Rev.*, 11 OTR 260, 268 (1989).

personal property tax returns that resulted in an initial inaccurate assessment could be reason to deny a discretionary award of costs and disbursements. *See id.* at 671.

On its *de novo* review, the court in *Bell* denied taxpayers' request for costs. __ OTR at __ (slip op at 2). In *Bell*, the taxpayers' income tax return "was not complete and did not contain required attachments." *Id.* at 1. The Department of Revenue sent a notice apprising taxpayers

> "of their ability to seek a conference with the department regarding the notice. Taxpayers did not request a conference with the department. Having failed to do so, taxpayers were left with only a proceeding in this court to address their correct tax liability."

*Id.* at 1-2. In denying taxpayer's request for costs, the court explained "this is not a situation where costs related to what then became the necessity of an appeal to the Magistrate Division should be awarded." *Id.* at 2. Thus, in *Bell*, the court explicitly identified the taxpayers' failure to file a complete income tax return with all necessary attachments and failure to request a conference with the Department of Revenue as reasons supporting the denial of taxpayers' request for costs. *Id.* at 1-2. Both *Bell* and *Benj. Franklin* suggest that, where taxpayers fail to timely and properly file returns or fail to take advantage of available administrative review, this court may decline to award costs even if taxpayers ultimately prevail in their appeal.

In *AutoLend*, the Court of Appeals determined that the trial court had not abused its discretion when it declined to award costs and disbursements to either party. 170 Or App at 143. The court explained that, in the trial court, the defendant "defeated plaintiff's claims against it and plaintiff prevailed on [the defendant's] counterclaim for breach of the loan agreement." *Id.* Although it is not clearly stated why the trial court declined to award costs, the decision suggests that it may have been because the outcome of the appeal involved wins and losses for both parties.

/ / /

2.      *Whether Plaintiff should be awarded costs under TCR-MD 19*

For the reasons discussed above, the court concluded that Plaintiff is the prevailing party in this matter under TCR-MD 19 B.  The court next considers whether to grant Plaintiff's request for costs under the rule.  After reviewing relevant considerations in prior decisions and opinions, the court concludes that Plaintiff made good faith, reasonable efforts to avoid the necessity of filing a complaint in this matter and there is no reason to deny Plaintiff's request for costs.

Unlike *AutoLend*, this case did not present multiple claims or issues that were variously won and lost by the parties.  Rather, Plaintiff prevailed on the only issue presented and received his requested relief.  This case is also distinguishable from *Benj. Franklin* and *Bell* because the origin of this appeal was not an untimely or incomplete return or other required filing.  Unlike in *Bell*, Plaintiff utilized the administrative hearing offered by the County prior to filing his appeal. (*See* Ptf's Reply at 2-3.)  Although Plaintiff did not personally appear at the County's "show cause" hearing on June 19, 2012, due to a previously scheduled commitment outside of Oregon, another attorney appeared on Plaintiff's behalf. (*Id.*)  The parties provided detailed descriptions of their communications at the June 19, 2012, meeting and in subsequent correspondence.  Not surprisingly, there are some discrepancies in the parties' recollections of a telephone conversation between Plaintiff and an employee of the County in September 2012.[9]  (*See* Decl of Jeffrey B. Wihtol in Support of Request for an Award of Costs and Disbursements at ¶¶ 4-6 (Jan 19, 2013); Decl of Karla Hartenberger at ¶¶ 3-6 (Dec 5, 2013).)  Notwithstanding those discrepancies, the court concludes that Plaintiff took adequate steps to avoid the necessity of

/ / /

---

[9] In other contexts, such as estoppel, this court has been reluctant to rely on recollections of oral communications, observing "[t]here are many possibilities for misunderstanding with oral communication." *Schellin v. Dept. of Rev.*, 15 OTR 126, 132 (2000) (citation omitted).

litigation in this case. Plaintiff was the prevailing party in this matter and the court finds that his request for costs under TCR-MD 19 should be granted.

D.      *Whether the Department is liable for an award of costs*

The Department argues that, if the court grants Plaintiff's request for costs, "then the [D]epartment is not and should be found liable for such costs." (Inv's Objection at 4-5.) The Department cites ORS 305.490(2), which states in part that "[t]he party entitled to costs and disbursements on such appeal shall recover *from the opponent of the party* the amount so paid upon order of the court, as in equity suits in the circuit court." (*Id.* (emphasis added).) The Department argues that it "was not [P]laintiff's party opponent in the Magistrate Division." (*Id.*) The Department explains that it "chose to intervene for the limited purpose of exercising its duty and power of 'general supervision and control over the system of property taxation throughout the state.' " (*Id.* at 5, citing ORS 306.115(1).) Plaintiff responds that the Department

> "could have elected not to appear in the Magistrate Division, and not to argue the issues before this court. But it chose to do so, and having done so, it also is jointly and severally liable for [P]laintiff's filing fee in the Magistrate Division."

(Ptf's Reply at 11.)

The court agrees with the Department that it was not Plaintiff's "opponent" for purposes of a cost award under ORS 305.490(2). Plaintiff named only the County in his Complaint and the stipulated agreement filed in this matter was signed by Plaintiff and the County. The Department did not intervene until after the matter was remanded to this court for the limited purpose of determining whether Plaintiff is entitled to costs and disbursements. The court concludes that the County was Plaintiff's only "opponent" in this matter under ORS 305.490(2).

The context of ORS 305.490, including other provisions of that statute, supports the conclusion that the Department was not Plaintiff's "opponent" in this matter. Subsections (3)(b)

and (4)(b) of ORS 305.490 both state that "[p]ayment of attorney fees or reasonable expenses under this subsection shall be made by the Department of Revenue in the matter provided by ORS 305.790." *See also McKee v. Dept. of Rev.*, 18 OTR 58, 65 (2004) ("[t]he payment of any award of fees and expenses under ORS 305.490 is the responsibility of the department").[10] By contrast, ORS 305.490(2) includes no such language requiring that the Department of Revenue pay costs and disbursements. The court concludes that the exclusion of language requiring the Department of Revenue to pay costs is a purposeful omission by the legislature. *See Springfield Utility Board v. Emerald PUD*, 339 Or 631, 642, 125 P3d 740 (2005), citing *PGE v. Bureau of Labor and Industries*, 317 Or 606, 611, 859 P2d 1143(1993) ("in construing statutes, court generally presumes 'use of a term in one section and not in another section of the same statute indicates a purposeful omission' "). Thus, the court concludes the Department is not liable for costs in this case.

## III. CONCLUSION

After careful consideration, the court concludes that Plaintiff was the prevailing party under TCR-MD 19 B and that Plaintiff's request for costs should be granted. The court further concludes that the Department was not Plaintiff's "opponent" under ORS 305.490(2) and is not, therefore, liable for costs awarded in this matter. Now, therefore,

IT IS THE DECISION OF THIS COURT that the value of property described as Account R650729 is, as stipulated, for the 2010-11 and 2011-12 tax years:

/ / /

/ / /

---

[10] "[W]hen a county prosecutes or defends a case in such a way as to cause an award of attorney fees to a taxpayer under Oregon Revised Statute section 305.490(4), the Department is responsible for payment of any such award." Henry C. Breithaupt and Jill A. Tanner, *The Oregon Tax Court at Mid-Century*, 48 Willamette L Rev 147, 174 (2011), citing ORS 305.490(4)(b).

2010-11 tax year:

Real Market Value (RMV)
     Land:                                  $60,160
     Improvements:            $28,520
     Total:                               $88,680

Exception RMV:                 $88,680

Assessed Value:               $40,340

2011-12 tax year:

Real Market Value (RMV)
     Land:                                  $60,160
     Improvements:            $28,520
     Total:                               $88,680

Assessed Value:               $41,550.

IT IS FURTHER DECIDED that Plaintiff's request for costs is granted under

TCR-MD 19 B. Plaintiff is awarded costs of $240.

IT IS FURTHER DECIDED that the Department of Revenue is not liable for costs

awarded in this matter under ORS 305.490(2).

Dated this ____ day of January 2014.

                                                           _____
                                                           ALLISON R. BOOMER
                                                            MAGISTRATE

*If you want to appeal this Final Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by mailing to: 1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your Complaint must be submitted within 60 days after the date of the Final Decision or this Final Decision cannot be changed.*

*This document was signed by Magistrate Allison R. Boomer on January 24, 2014. The Court filed and entered this document on January 24, 2014.*