IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

DUANE MARKHAM,　　　　　　　　　）
　　　　　　　　　　　　　　　　　）
　　　　　　　Plaintiff,　　　　　　）　TC-MD 160310N
　　　　　　　　　　　　　　　　　）
　　　v.　　　　　　　　　　　　　）
　　　　　　　　　　　　　　　　　）
COLUMBIA COUNTY ASSESSOR,　　　）
　　　　　　　　　　　　　　　　　）
　　　　　　　Defendant.　　　　　　）　**FINAL DECISION**

The court entered its Decision in the above-entitled matter on November 15, 2016.

Plaintiff filed a timely Statement for Costs and Disbursements (Statement) on November 23,

2016, requesting his filing fee in the amount of $252 and attorney fees in the amount of $750.

Defendant filed a timely Objection to Plaintiff's Statement on December 2, 2016.  Plaintiff then

sought leave from the court to file a response to Defendant's Objection.  The court issued an

Order granting Plaintiff's request on December 6, 2016.  Plaintiff filed a Reply on December 10,

2016.  On December 21, 2016, the court sent a letter to the parties requesting statutory authority

for a statement made by Defendant.  Defendant filed a response on January 3, 2017, and Plaintiff

filed a reply on January 11, 2017.  The court's analysis and determination of Plaintiff's request

for costs and disbursements is contained in section II of the court's Final Decision, which

otherwise incorporates its Decision without change.

## I.  DETERMINATION OF THE MERITS

This matter came before the court on the parties' Stipulated Agreement, filed November

4, 2016.

Plaintiff appealed Defendant's notices disqualifying and then requalifying property

identified as Account 15833 (subject property) from farm use special assessment for the 2016-17

FINAL DECISION  TC-MD 160310N　　　　　　　　　　　　　　　　　　　　　　　　　　1

tax year, dated June 14, 2016, and August 31, 2016, respectively. During a conference call on November 3, 2016, the parties resolved all of the issues appealed as follows:

1.  The subject property "qualifies and has continuously qualified for farm use special assessment." (Stip at 1.)

2.  The maximum assessed value (MAV) of the subject property "remains unchanged as a result of Defendant's disqualification and later 'requalification' of the [subject] property." (*Id.*)

3.  "The 'requalification' fee was not applicable and Defendant will reimburse Plaintiff with that fee ($250) by check made directly payable to Plaintiff-Taypayer within 14 days from the date that this Stipulated Agreement is filed with the Magistrate Division." (*Id.*)

4.  "Defendant retracts its Requalification Notice dated August 31, 2016, as there is no change to Plaintiff's MAV and there is no 'disqualification amount' that is a lien on the property until paid." (*Id.* at 2.)

Plaintiff reserved its right to seek costs and disbursements under Tax Court Rule – Magistrate Division (TCR-MD) 16. (*Id.*)

Because the parties are in agreement, this matter is ready for decision.

## II. COSTS AND DISBURSEMENTS FACTS AND ANALYSIS

Plaintiff requests an award of $252 for his filing fee and $750 for his attorney fees.

A.  *Factual Background*

According to Defendant, it first sent Plaintiff "a farm income questionnaire, which was not returned." (Stip at Ex 1.) It then sent "a 30-day notice letter giving Plaintiff additional time to provide the necessary gross income, to which he did not reply." (*Id.*) Finally, "Defendant

sent Plaintiff a certified letter stating the farmland [had] been disqualified with appeal rights."
(*Id.*) That disqualification letter was dated June 14, 2016, and received by Plaintiff on June 28,
2016. (Ptf's Mem in Support of Compl at 1, Exs A, B.) "Subsequently, Plaintiff contacted
Defendant and submitted a new Application for Special Assessment of Non-Exclusive Farmland,
dated August 23, 2016," along with 2013, 2014, and 2015 Schedules F. (Ptf's Mem at 1, Ex C.)
With his application, Plaintiff paid the $250 application fee. (Ptf's Mem at 2, Ex D.) On August
31, 2016, Defendant issued a letter requalifying the subject property for farmland special
assessment for the 2016-17 tax year, but stating "[t]he old application will stay disqualified and
the special assessment is based on the new application. This means that the disqualification
amount of $12,708.08 will remain as a lien on the property until paid." (Ptf's Mem at 2, Ex E.)
Plaintiff filed his Complaint in this court on September 20, 2016, and shortly thereafter the
parties settled the matter.

B.      *Costs and Disbursements*

        1.      *Prevailing party*

        The Magistrate Division has discretionary authority under ORS 305.490(2) to award
costs and disbursements to the prevailing party.[1] *Wihtol I. v. Dept. of Rev.*, 21 OTR 260, 267–68
(2013); TCR-MD 16. Although TCR-MD 16 does not define "prevailing party," this court has
looked to the definition of "prevailing party" found in ORS 20.077(2), regarding making an
award of attorney fees, for guidance. *Stade v. Dept. of Rev.*, TC-MD 150369N, WL 282206 at
*5 (Jan 21, 2016). ORS 20.077(2) defines the prevailing party as "the party who receives a
favorable judgment or arbitration award on the claim." Thus, the court must determine the
prevailing party on a "claim-by-claim basis," weighing "what was sought by each party against

---

[1] The court's references to the Oregon Revised Statutes (ORS) are to 2015.

the result obtained." *Stade*, WL 282206 at *5 (citations and internal quotation marks omitted).

A party who obtains relief through a stipulated agreement is a prevailing party. *See Waterbury v. Dept. of Rev.*, 11 OTR 314, 316 (1989). Here, Plaintiff is the prevailing party.

2.      *Discretionary award*

The next question is whether the court should exercise its discretion to award costs and disbursements to Plaintiff. This court has previously identified several considerations relevant to its decision to award costs, including whether the originally filed return was accurate, whether the taxpayer availed himself of any administrative appeal available to him, and "whether the outcome on appeal involved wins and losses for both parties." *Stade*, WL 282206 at *5; *see also Wihtol v. Multnomah County Assessor,* TC-MD 120762N, WL 274126 at *5 (Jan 24, 2014).

Plaintiff maintains that he "was prevented from timely responding to [Defendant's] requests for farm income information by many personal issues including his medical health and responsibilities related to his mother's end of life matters. As soon as he could, Plaintiff did take action and went to [Defendant] to discuss the disqualification." (Ptf's Statement at 2.) Plaintiff received incorrect information from Defendant that caused him to submit a new application and pay a fee of $250. (*Id.*) Following approval of Plaintiff's new application, a lien of $12,708.08 remained on the subject property. (*Id.*) Plaintiff maintains that Defendant's errors and misinformation created the need for Plaintiff's appeal. (*Id.*)

Defendant objects to a cost award in this case because Plaintiff "is at fault for not having timely submitted filings that led to the error." (Def's Objection at 1.) Defendant asserted that Plaintiff was required to submit a farm income questionnaire to Defendant and failed to do so, despite having received additional time. (*Id.* at 2.) Defendant reasons that Plaintiff's failure to submit that questionnaire was the cause of Plaintiff's disqualification and subsequent appeal.

(*Id.*, citing *Bell v. Dept. of Rev.*, WL 3192791 (2012).) Defendant further notes that it remedied the misinformation it provided to Plaintiff by refunding the $250 application fee it collected. (*Id.* at 3.) In Defendant's view, "[a]n order to pay the filing fee in this case on top of the re-qualification fee would not be an equitable outcome." (*Id*. at 3.)

The court agrees with Defendant that Plaintiff's failure to respond to Defendant's initial requests for information caused Defendant to disqualify the subject property from farmland special assessment. Defendant's disqualification was reasonable under the circumstances known to it when it sent the letter on June 14, 2016. Plaintiff learned of the disqualification and contacted Defendant in August 2016 with the farm income information requested by Defendant. As of August 31, 2016, Defendant agreed that the subject property qualified for farm use special assessment, although it believed that the subject property must requalify for special assessment via a new application, resulting in a lien on the subject property. Plaintiff filed its Complaint with this court challenging that determination. The question becomes whether Plaintiff's Complaint was necessitated by his own failure to timely respond to Defendant's requests for information or by Defendant's failure to cancel its disqualification notice in August 2016 when Plaintiff provided the requested proof of farm income.

Defendant maintains that it "should not have accepted an application/gross income questionnaire after the disqualification letter was sent" because it lacked statutory authority to cancel the disqualification. (Stip at Ex 1.) In Defendant's view, Plaintiff was "required to appeal the disqualification to the Magistrate Division of the Oregon Tax Court."[2] (*Id.*) In support of that assertion, Defendant cited ORS 308A.116(1)(c) and OAR 150-308-1040(2)(b).

/ / /

---

[2] Defendant noted that the requalification remedy available under ORS 308A.089 would have been available "after the tax roll [had] been certified and no later than December 15." (Stip Ex 1.)

(Def's Resp at 1.) Defendant further stated that it believed "that the disqualification was not 'official' until such time as the tax roll was certified, which does not occur until October." (*Id.*)

Plaintiff replied that "there is no statute that prohibits Defendant from taking action to restore property to a deferral program when the taxpayer can demonstrate continual compliance as Plaintiff is able to do in this case." (Ptf's Reply at 1.) Plaintiff cited case law from this court illustrating that properties may be restored to farm use special assessment upon proof of qualification, even if such proof was not timely provided to the county assessor. (*Id.*, citing *Rogers v. Clackamas County Assessor*, TC-MD 090226C, WL 3682581 (Aug 31, 2009); *Forner v. Multnomah County Assessor,* TC-MD 021127A, WL 21263716 (May 14, 2003).)

ORS 308A.116(1)(c), which was cited by Defendant, requires the county assessor to disqualify nonexclusive farm use zone farmland from special assessment "upon the discovery that the land is no longer in farm use for failure to meet the income requirements under ORS 308A.071[.]" OAR 150-308-1040(2)(b) clarifies the effective date of the disqualification: "All farm use disqualification takes effect July 1 following the disqualification." Neither the statute nor the rule bars Defendant from cancelling a disqualification notice once issued.

OAR 150-308-1050 concerns the gross income requirement for property located outside of the exclusive farm use zone. OAR 150-308-1050(f) states that, "[i]f property is disqualified from special assessment solely because no income information was provided by April 15, or within the 30 days of assessor's notice of intent to disqualify, the property owner may file an appeal with the Magistrate Division of the Tax Court." However, OAR 150-308-1050(f)(D) states that "[n]othing contained in this rule precludes the assessor from continuing special assessment on farmland if the assessor determines that the property meets the qualifications." Reading those provisions together, the court concludes that the statutory scheme permitting

Plaintiff to challenge a disqualification in this court did not bar Defendant from continuing special assessment of the subject property once Defendant was satisfied that it met the applicable income requirements.[3] The court is persuaded that Plaintiff took reasonable steps to resolve this matter without filing an appeal and could have done so if Defendant had understood its authority under the applicable statutes and rules. Plaintiff is awarded costs of $252 for his filing fee.

B.      *Attorney Fees*

Plaintiff requests an award of $750 for attorney fees. Defendant maintains that the Magistrate Division lacks authority to award attorney fees under ORS 305.490(4)(a) because the plain language references "the tax court judge." (Def's Objection at 1-2, citing *Biss v. Dept. of Rev.*, TC-MD 130485C, 2014 WL 1976760 (May 15, 2014).)

Plaintiff argues that ORS 305.490(4)(a) could be read to authorize the Magistrate Division to award attorney fees because, pursuant to ORS 305.404, the term

> " 'tax court' may include 'either the regular division or the magistrate division of the Oregon Tax Court, or both, or the judge or judges of the tax court or its magistrates or a combination.' In other words, throughout ORS Chapter 305, the term 'tax court' may be used broadly, flexibly, and comprehensively."

(Ptf's Reply at 3.) Plaintiff further argues that taxpayers will be deterred from retaining counsel with no possibility of recovering attorney fees in the Magistrate Division. (*Id.* at 2.) "[T]he tax laws and programs in our state are complex and legal representation or other representation as allowed by the rules should be encouraged." (*Id.*) Additionally, Plaintiff notes that strange outcomes may occur if parties cannot recover attorney fees in the Magistrate Division: a party could lose in the Magistrate Division, then prevail in the Regular Division and recover attorney

---

[3] Although it is beyond the scope of this Final Decision, the court notes that the outcome might be different if Plaintiff had not contacted Defendant until after the 2016-17 tax roll was certified. *See* ORS 308A.089(4) (describing the mechanism for correcting the roll upon approval of requalification application); ORS 308.242 (limiting the assessor's authority to change the roll after September 25); ORS 311.205 (providing for corrections to errors or omissions on the roll under specified circumstances).

fees for the Magistrate Division proceeding, whereas a party that wins in the Magistrate Division cannot recover attorney fees. (*Id.* at 4.)

ORS 305.490(4)(a)(A) authorizes the court to allow the taxpayer reasonable attorney fees "in any proceeding *before the tax court judge* involving * * * special assessments * * *." (Emphasis added.) As noted by Plaintiff, ORS 305.404 provides a flexible definition of "tax court." However, that statute distinguishes between "the judge or judges of the tax court or its magistrates," indicating that the terms "judge and magistrate" are not used interchangeably in ORS 305.404 to 305.560. The court concludes that ORS 305.490(4)(a)(A) authorizes only the Tax Court judge, not the magistrates, to award attorney fees in this type of proceeding. The court agrees with Plaintiff that the state tax laws are complex and litigants in this court are often benefitted by the assistance of counsel – this appeal is a case in point. Nevertheless, the court is bound to follow the statute. Plaintiff's request for attorney fee is denied. Now, therefore,

IT IS THE DECISION OF THIS COURT that, as stipulated by the parties, the subject property qualifies for farm use special assessment for the 2016-17 tax year. The subject property's MAV shall remain unchanged as a result of the disqualification and requalification.

IT IS FURTHER DECIDED that, as stipulated by the parties, Defendant shall retract its requalification notice and refund to Plaintiff the $250 requalification fee paid by Plaintiff.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

IT IS FURTHER DECIDED that Plaintiff is awarded costs and disbursements of $252 for his filing fee. Plaintiff's request for attorney fees of $750 is denied.

Dated this ___ day of January, 2017.

_____
ALLISON R. BOOMER
MAGISTRATE

*If you want to appeal this Final Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your Complaint must be submitted within <u>60</u> days after the date of the Final Decision or this Final Decision cannot be changed. TCR-MD 19 B.*

*This document was filed and entered on January 24, 2017.*